## Richmond.

HUBBLE v. POFF.

NOVEMBER 22, 1900.

Absent, Phlegar, J.*

1. CHANCERY PRACTICE—*Statute of Limitations—Demurrer.*—The statute of limitations cannot be taken advantage of in a court of equity by a demurrer to the bill.

Appeal from a decree pronounced by the Circuit Court of Smyth county August 29, 1899, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*James H. Gilmore,* for the appellant.

*Geo. W. Richardson,* for the appellee.

KEITH, P., delivered the opinion of the court.

The question which we have to dispose of at the threshold of this case is: Can the statute of limitations be availed of in a court of equity by a demurrer to the bill?

In *Hickman* v. *Stout,* 2 Leigh 10, Judge Carr says: "There

---

*This case was argued and submitted before Judge Phlegar qualified.

is no rule better established than that one cannot avail himself
of the statute of limitations, in a suit in equity, without plead-
ing it. This was admitted as the general rule; but the appel-
lant's counsel argued, that this case was taken out of it, be-
cause neither the bill, nor the account exhibited with it, showed
any items of more than five years standing. If this were the
fact, I do not think it would have entitled the defendant to
avail himself of the statute without pleading it, however he
might have taken advantage of the defect in another way; but
it appears on examination, that the counsel is mistaken as to the
fact: the account exhibited with the bill, the account which
Hickman in his answer said he had seen, commences as early
as 1814."

In *Tazewell* v. *Whittle*, 13 Gratt. 344, Judge Moncure says:
" It is certainly true, as a general rule, that this defence must
be made by plea or answer; and the rule applies as well to a
court of equity as a court of law."

The same doctrine is recognized in *Colvert* v. *Millstead*, 5
Leigh 104; *Smith* v. *Pattie*, 81 Va. 665; *Gibson* v. *Green*, 89
Va. 526.

Barton, in the first volume of his Chancery Practice (2 ed.),
page 83, after reviewing the Virginia cases, deduces from them
the following conclusions: " That, although the bill states on its
face a case which is barred of relief by the statute of limitations,
or by the rules of equity analogous thereto, yet, nevertheless,
no such defence is available, unless it be set up in some way, by
plea or answer, so as to apprize complainant of the intention of
the defendant to rely on it."

The practice that obtains in other jurisdictions may be better
and more consonant to reason, but we are bound by the law as
established by the cases which we have cited.

The Circuit Court, in its decree, sustained the demurrer to
the bill. In the briefs of counsel it is stated that the ground
upon which the court rested its decision was that the plaintiff's

right of action was barred by the statute of limitations. No other cause of demurrer has been assigned or appears, and having reached the conclusion that the statute of limitations cannot be interposed in this State by demurrer to a bill in equity, the decree of the Circuit Court is reversed.

*Reversed.*