# Richmond.

SAVINGS BANK OF RICHMOND v. POWHATAN CLAY MANUFAC-
TURING CO.

JANUARY 14, 1904.

Absent, Buchanan, J.*

1. PLEADING—*Demurrer Not Noticed—Appeal and Error.*—A demurrer
   not noticed by the decree of the trial court will be considered as
   having been overruled.
2, LIMITATION OF ACTIONS—*When of Essence of Right—How Defence
   Made.*—Where a statute creates a right which did not exist at
   common law, and fixes a time within which that right may be en-
   forced, the limitation is of the essence of the right and not merely
   of the remedy, and a bill seeking to enforce such right must
   affirmatively show that the suit is brought within the time lim-
   ited by the statute, else it will be bad on demurrer.
3. MECHANIC'S LIEN—*Enforcement—Limitation of Action—Demurrer.*—
   A bill to enforce a mechanic's lien which does not show on its face
   that the suit was brought within the time prescribed by statute
   is bad on demurrer. *Hubble* v. *Poff*, 98 Va. 646, *distinguished.*

Appeal from a decree pronounced by the Chancery Court of
the city of Richmond, in a suit in chancery, wherein the appellee
was the complainant, and the appellant and others were the
defendants.

Reversed.

The opinion states the case.

*A. W. Patterson,* for the appellant.

*Judge Buchanan was detained at home by sickness.

*W. O. Skelton, Wyndham R. Meredith* and *William Crump Tucker,* for the appellees.

KEITH, P., delivered the opinion of the court.

The Powhatan Clay Manufacturing Company filed its bill in the Chancery Court of the city of Richmond, to which it made the Southern Railway Company, the Savings Bank of Richmond, Chesterman, and Powers & Bro., parties defendant.

The Southern Railway Company had entered into an agreement with Chesterman, as general contractor, to build for it a brick depot. On the 1st of October, 1899, Powers & Bro., as sub-contractors, agreed to do the brick-work on said building, and the Powhatan Clay Manufacturing Company agreed to furnish bricks, for which it claims there is a balance due to it of $1,115.78. The depot was completed in August, 1900, and on the 29th of September, 1900, the Powhatan Clay Manufacturing Company filed its claim in the clerk's office of the Chancery Court of the city of Richmond against the building and so much land therewith as is necessary for its convenient use and enjoyment, an account showing the amount and character of the material furnished, the price charged, and the balance due, verified by affidavit, and claimed a lien under chapter 110 of the Code of Virginia of 1887, and the acts amendatory thereof. This statement is sufficient to bring out the question to be discussed in this opinion.

The Savings Bank, one of the defendants, demurred to the bill because "it did not show when the amount covered by plaintiff's alleged lien became due and payable, nor allege that the suit had been brought within the six-months' period prescribed by statute for filing same." The decree of the Chancery Court does not, in terms, pass upon the demurrer, and in such a case it is to be considered as having been overruled. *Miller* v. *Black Rock Springs,* 99 Va. 747, 40 S. E. 27, 86 Am. St. Rep. 924.

Section 2481 of the Code of 1887 is as follows:

"No suit to enforce any lien perfected under the preceding sections of this chapter shall be brought after six months from the time when the whole amount covered by such lien has become payable."

The lien which the Powhatan Clay Manufacturing Company sought to enforce in this suit is the creature of statute. It had no existence at common law, and was called into being by the "preceding sections" referred to in the section just quoted.

It was held in *Hubble* v. *Poff,* 98 Va. 646, 37 S. E. 277, that the statute of limitations cannot be taken advantage of in a court of equity by a demurrer to the bill; but that case dealt with a pure statute of limitations—one which affected the remedy only, and which did not touch the right. In a note to that case, to be found at page 558, Vol. VI., of the Virginia Law Register, the distinction and the reasons for it are pointed out; and it is said that where a "special limitation is prescribed by a statute creating a new right, the bill would seem to be demurrable, not only where it shows on its face the expiration of the prescribed period, but unless it shows affirmatively that the prescribed period has not elapsed."

In *McCartney* v. *Tyrer,* 94 Va. 203, 26 S. E. 421, the court, speaking of the mechanic's lien, says: "If, in the creation of the lien, time has been made of the essence of the right, and a condition of its existence and duration, it would be necessary to allege and prove that the suit was brought within six months from the time when the whole amount covered by the lien became payable. . . . The decision of this particular question, however, is unnecessary, as the defence of the statute of limitations has been disposed of on other principles." See, also, *Manuel* v. *N. & W. R. Co.,* 99 Va. 188, 37 S. E. 957. The great weight of authority seems to sustain this position.

In *Lambert* v. *Ensign Mfg. Co.* (W. Va.), 26 S. E. 431, the Supreme Court of West Virginia says: "It is true that a

statute of limitations, pure and simple, must be relied upon by way of plea, because it is personal, and may be waived or its effects avoided by setting up matters in confession and avoidance. But," continued the court, "here the cause of action did not exist at common law, but is created by statute. The bringing of the suit within two years from the death of the person whose death has been caused by wrongful act is made an essential element of the right to sue, and it must be accepted in all respects as the statute gives it. And it is made absolute, without saving or qualification of any kind whatever. There is no opening for explanation or excuse. Therefore, strictly speaking, it is not a statute of limitation." That case is full of authority for this. It holds that the question may be raised by demurrer to the bill, and that upon demurrer it is fatal.

In *Hill* v. *Supervisors,* 119 N. Y. 347, 23 N. E. 921, the court uses the following language: "It must be evident that as this action is brought under a special law, and is maintainable solely by its authority, the limitation of time is so incorporated with the remedy given as to make it an integral part of it, and the condition precedent to the maintenance of the action at all."

In *Taylor* v. *Cranberry Iron & Coal Co.,* 94 N. C. 526, which was a suit brought to recover for the death of plaintiff's intestate, caused by the wrongful act of another, the court said: "This is not strictly a statute of limitation. It gives a right of action that would not otherwise exist, and the action to enforce it must be brought within one year after the death of the testator or intestate, else the right of action will be lost. It must be accepted in all respects as the statute gives it."

In *Finnell* v. *Southern Kansas Ry Co.* (C. C.), 33 Fed. 428, the court said: "There is also another class of cases, in which a cause of action which does not exist at common law is created by the laws of a State. Causes of action of that character only exist in the manner and form and for the length of time prescribed by the statutes of the State which created them."

In *The Harrisburg,* 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358, speaking of a similar case, the court said: "The right must be taken subject to the limitations which have been made a part of its existence. It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy, therefore, are to be treated as limitations of the right."

As illustrating various aspects of the same question, see *Ashbey* v. *Ashbey,* 41 La. Ann. 102, 5 South. 539; *Hudson* v. *Bishop* (C. C.), 35 Fed. 820; *Cochran* v. *Young,* 104 Pa. 333; *Bartlett* v. *Manor,* 146 Ind. 627, 45 N. E. 1060; *Smith* v. *Tripp,* 14 R. I. 112; *Anderson* v. *Hygeia Hotel Co.,* 92 Va. 687, 24 S. E. 269.

We are of opinion that the demurrer to the bill should have been sustained.

*Reversed.*