# Staunton

## J. S. SALYER COMPANY, INC., ET AL. v. A. J. DOSS COAL COMPANY, INC., ET AL.

September 17, 1931.

Present, Prentis, C. J., and Campbell, Holt, Epes and Gregory, JJ.

The opinion states the case.

*L. M. Robinette* and *W. S. Cox*, for the appellant.

*Sam C. Stowers*, for the appellee.

CAMPBELL, J., delivered the opinion of the court.

The bill in this cause was filed by J. S. Salyer Company, Inc., J. D. and W. A. Broadwater, partners trading as Broadwater Feed Company, Faucette Grocery Company, Inc., and Service Mill Company, Inc., against A. J. Doss Coal Co., Inc., and A. J. Doss, W. S. Palmer, James F. Walker, L. E. Bess and W. A. Snow. The object of the suit was to wind up the affairs of the insolvent corporation, to ascertain the assets of said corporation, to subject same to the payment of its debts and to obtain a personal decree

against the individual defendants, by reason of their alleged written guarantee of the payment of the indebtedness of the corporation.

The facts leading up to this litigation are these: A. J. Doss Coal Company, Inc., was engaged in mining coal, and in connection with its mining operations operated a general store or "commissary." The individual appellees were the stockholders of the corporation. Appellants were dealers in sundry articles of merchandise, and for a period of years had been supplying the corporation with merchandise. On account of the low price of coal and the high cost of production the corporation was unable to meet its obligations to its creditors.

Pursuant to notice duly given, the annual stockholders meeting was held at the principal office of the corporation on February 2, 1925. Due to the inability of some of the stockholders to be present, the meeting was adjourned until February the 3rd. The minutes of the meeting filed as an exhibit to the bill show the following stockholders were either present or represented by proxy: A. J. Doss, L. E. Bess, W. S. Palmer, Mrs. Lula M. Doss, W. A. Snow, T. E. Walker and James E. Walker. It is inferred from reading the minutes that R. C. Garing and J. S. Dix, the remaining stockholders (each owners of ten shares of stock), were not present and were not represented by proxy.

After the organization of the meeting, the reading and adopting of the report of the treasurer for the previous year, and electing the directors for the succeeding year, the following resolution, offered by A. J. Doss, president, was unanimously adopted:

"On account of the low price of coal and the high cost of production our report shows that we have lost money during the year 1924. I propose that we turn our available assets into cash as soon as possible and pay up the indebtedness of the company and should this not amount to a sum sufficient to meet our obligations, that we, the stockholders,

agree to personally make up the difference. This agreement made as a guarantee to our creditors that they shall not lose anything. A letter to this effect to be written and mailed to the creditors, same to be signed by the president and the secretary."

Pursuant to the resolution, this letter was mailed to the creditors of the corporation:

"At a meeting of the stockholders of the A. J. Doss Coal Company, Inc., held at their office at Newton, Lee county, Va., February 2, 1925, it was decided, after going over the report of the secretary, that on account of the low price we are receiving for coal and the high cost of production, it would be best for us to turn our assets to cash as soon as possible and pay off all our obligations. And it was further agreed that if allowed to dispose of our assets in this manner if same does not amount to enough to pay our creditors in full, that we, the stockholders, will personally make up the difference.

"We feel that in this way we can pay, approximately, one-third of our obligations in about thirty days and clean up the full amount in about ninety days.

"Very truly yours,

"A. J. Doss Coal Company, Inc.,

"By A. J. Doss, *President.*

"L. F. Bess, *Secretary.*"

The bill specifically alleges "that by reason of the circular letter they (the appellants) extended the time of payment and gave the said A. J. Doss Coal Company and its stockholders and directors further opportunity to pay the indebtedness." The bill also alleges that some of the stockholders have paid a part of the original indebtedness. The prayer is that an accounting be had and the assets and liabilities of the corporation be ascertained, and, if insufficient to discharge the indebtedness of the corporation, then that the court decree a personal judgment against the individual defendants by reason of their written guaran-

tee of the corporate indebtedness; that the officers of the corporation be required to produce the books of the corporation in order to show the correctness of the exhibits filed with the bill.

The cause was heard upon the bill and demurrer of the defendant stockholders. The main grounds of demurrer are:

(1) The debts asserted are barred by the statute of limitation.

(2) The complainants have an adequate remedy at law.

(3) "The said bill of complaint shows on its face that the said several supposed promises and undertakings, if any, were made, were, and each of them was, a promise to answer for the debt, of another person, to-wit:

"A. J. Doss Coal Company, Incorporated, a corporation, and that no promise, contract, agreement, representation, assurance, or ratification in respect of or relating to said supposed causes of action in the said bill of complaint in equity, mentioned, or to either of them, nor any memorandum nor note thereof was, or is, in writing, or was or is signed by said defendants, or either of them, or their agents, or either of them, according to the form of the statute for such cases made and provided."

Without specifying the grounds of demurrer, which the court was of opinion were good, this decree was entered:

"On consideration whereof the court is of opinion that the demurrer of the individual defendants should be sustained.

"It is therefore adjudged, ordered and decreed that the demurrer of the individual defendants named herein be and the same is by this decree sustained.

"And this cause is continued as to the corporation."

The sole assignment of error is that the court erred in sustaining the demurrer.

■ It was error to sustain the first ground of demurrer based on the statute of limitations. Since the case of

*Hickman* v. *Stout*, 2 Leigh (29 Va.) 6, decided in 1830, it has been the settled rule in Virginia that the statute of limitations cannot be relied on in equity without being pleaded, and that a demurrer will not lie. That case was cited with approval by Judge Keith, in *Hubble* v. *Poff*, 98 Va. 646, 37 S. E. 277, in dealing with a question similar to the one herein involved. There it is said:

"The question which we have to dispose of at the threshold of this case is: Can the statute of limitations be availed of in a court of equity by a demurrer to the bill?

"In *Hickman* v. *Stout*, 2 Leigh [29 Va.] 10, Judge Carr says: 'There is no rule better established than that one cannot avail himself of the statute of limitations, in a suit in equity, without pleading it. This was admitted as the general rule; but the appellant's counsel argued that this case was taken out of it, because neither the bill, nor the account exhibited with it, showed any items of more than five years standing. If this were the fact, I do not think it would have entitled the defendant to avail himself of the statute without pleading it, however he might have taken advantage of the defect in another way; but it appears on examination that the counsel is mistaken as to the fact; the account exhibited with the bill, the account which Hickman in his answer said he had seen, commences as early as 1814.'

"In *Tazewell* v. *Whittle*, 13 Gratt. (54 Va.) 344, Judge Moncure says: 'It is certainly true, as a general rule, that this defense must be made by plea or answer; and the rule applies as well to a court of equity as a court of law.'

"The same doctrine is recognized in *Colvert* v. *Millstead*, 5 Leigh (32 Va.) 88; *Smith* v. *Pattie*, 81 Va., 665; *Gibson* v. *Green*, 89 Va., 526, 16 S. E. 661 (37 Am. St. Rep. 888).

"Barton, in the first volume of his Chancery Practice (2 ed.), page 83, after reviewing the Virginia cases, deduces from them the following conclusions: 'That, although the bill states on its face a case which is barred of relief by the

statute of limitations, or by the rules of equity analogous thereto, yet, nevertheless, no such defense is available, unless it be set up in some way, by plea or answer, so as to apprize complainant of the intention of the defendant to rely on it.'

"The practice that obtains in other jurisdictions may be better and more consonant to reason, but we are bound by the law as established by the cases which we have cited.

"The circuit court, in its decree, sustained the demurrer to the bill. In the briefs of counsel it is stated that the ground upon which the court rested its decision was that the plaintiff's right of action was barred by the statute of limitations. No other cause of demurrer has been assigned or appears, and having reached the conclusion that the statute of limitations cannot be interposed in this State by demurrer to a bill in equity, the decree of the circuit court is reversed."

 The court likewise erred in sustaining the second ground of demurrer. If it be conceded that complainants are limited to an assertion of their alleged rights in a court of law, the bill should not have been dismissed, but pursuant to the provisions of section 6084 of the Code, the cause should have been transferred to the law side of the court and there disposed of as directed by the statute. But we are of opinion that it was unnecessary to transfer the cause to the law court, for the reason that the bill alleges sufficient grounds for equitable relief. The basis of the suit, so far as the stockholders are concerned, is the allegation that they are indebted to complainants by virtue of their written assumption of the corporate indebtedness as shown by the minutes adopted at the February meeting of the stockholders. To substantiate that allegation the production of the minute book is essential, as the minutes are the best evidence of what occurred at the stockholders' meeting. The bill specifically seeks a discovery of the action of the stock-

holders had at the meeting in February, as shown by the minute books, and under the provisions of section 6238 of the Code, that of itself conferred jurisdiction upon a court of equity.

■■ The third ground of demurrer invokes the provisions of section 5561 of the Code. That section provides *inter alia* that no action shall be brought to charge any person for the debt of another "unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby, or his agent; but the consideration need not be set forth or expressed in the writing, and it may be proved (where a consideration is necessary) by other evidence."

In construing the statute, this court, in *Skinker* v. *Armstrong*, 86 Va. 1011, 11 S. E. 977, 978, said that the section of the statute with reference to an agreement to answer for the debt of another "contemplates a gratuitous verbal promise by one to pay the debt which he does not owe, and is not liable for, but which is owed by another; and the intent and purpose of the statute is to compel the reduction to the evidence of writing of such voluntary promise, for the protection alike of promisor and promisee from fraud, by reason of the uncertainty of any demand on such contract without consideration."

The bill charges that the individual defendants were either present in person or represented by proxy at the February meeting, and by reason of the circular letter mailed to the appellants, obligated themselves to pay the then existing indebtedness of the corporation. Upon demurrer, the allegation of fact must be taken as true. It then remains to be seen whether, read as a whole, the resolution and letter constitute such a promise as is contemplated by the statute, and whether A. J. Doss and L. F. Bess were the duly constituted agents of the defendants.

In our opinion the writings exhibited constitute a written promise upon the part of the defendants to pay the then existing indebtedness of the corporation in the event the assets were not sufficient to discharge the same. The defendants were not strangers to this transaction. They were vitally interested as individuals in protecting their stock holdings. Unless an extension could be obtained and the corporation be permitted to dispose of its assets without hindrance upon the part of its creditors, then insolvency would be the inevitable result. In consideration of forbearance upon the part of the creditors the individuals present at the stockholders' meeting agreed that they would "personally make up the difference" between the amount realized from the sale of the assets of the corporation and the amount due the creditors.

The allegation of the bill that appellants, relying upon the "guarantee" of the defendants, did "forbear" and did permit the corporation to dispose of its assets must upon demurrer be taken as true.

The language employed in both the resolution and the letter clearly evinces that the defendants were acting in their individual capacity. So acting, they, by the very terms of the resolution, duly delegated Doss and Bess their agents to effect an agreement with the creditors which would redound to their individual benefit. We are, therefore, of opinion that the court erred in applying the statute and the third ground of demurrer should have been overruled.

The decree appealed from must be reversed and set aside and the cause remanded to the circuit court to be there proceeded with in accordance with the views expressed in this opinion.

*Reversed.*