# Richmond

EARLEY BRANCH V. ROSA BRANCH, IN HER OWN RIGHT AND
AS EXECUTRIX OF THE ESTATE OF GEORGE BRANCH,
DECEASED.

April 10, 1939.

Record No. 2037.

Present, Campbell, C. J., and Holt, Gregory, Browning,
Eggleston and Spratley, JJ.

The opinion states the case.

*William Davis Butts,* for the appellant.

*R. H. Pree,* for the appellee.

SPRATLEY, J., delivered the opinion of the court.

In December, 1937, Earley Branch and Andrew Branch filed their bill against Rosa Branch, in her own right and as the executrix of the estate of George Branch, deceased, to impeach and set aside the will of the decedent.

The bill was in the barest skeleton form. The complainants alleged that the defendant, without any notice to them, had "offered for probate," in the clerk's office of the Corporation Court of the city of Newport News, a paper writing purporting to be the last will and testament of George Branch, their late brother, bearing date of November 12, 1932; that the paper writing was not the last will and testament of George Branch and was not in the form required by law. They prayed that George Branch be declared to have died intestate and the paper writing not his last true will and testament.

The bill does not, in terms, allege that the will was admitted to probate, or state the date of such probate. No copy of the will, or order of probate, or any record of an appeal therefrom, is attached as an exhibit. Since the defendant was described as the executrix of the will, there must have been a probate, and it may be assumed that it was made before the clerk on the date the will was "offered for probate."

The defendant filed a demurrer, and, in addition to the ground that the bill was not sufficient in law, assigned the further ground that the action was barred by the statute of limitations, because the will had been probated for more than four years prior to the institution of the suit.

No evidence was taken. The trial court sustained the demurrer on the ground that the suit was barred by the statute of limitations, and dismissed the bill. Leave was not asked to amend the bill. Neither in the record, nor in the argument here, is it denied that the will was admitted to probate on February 28, 1933, more than four years prior to the institution of this suit.

Andrew Branch having died after the suit was instituted, the cause was dismissed as to him, and Earley Branch thereafter prosecuted this appeal.

The plaintiff in error contends that the defendant can not take advantage of the statute of limitations by a demurrer to a bill in equity. To sustain his contention, he relies upon the cases of *Salyer Co., Inc., et al.* v. *Doss Coal Co.*,

*Inc., et al.,* 157 Va. 144, 160 S. E. 54 and *Hubble* v. *Poff,* 98 Va. 646, 37 S. E. 277.

The answer to this contention is found in a consideration of the provisions of the statute authorizing this proceeding, and in the case of *Savings Bank of Richmond* v. *Powhatan Clay Mfg. Co.,* 102 Va. 274, 46 S. E. 294, 1 Ann. Cas. 83, and the several pertinent authorities therein cited.

This proceeding was instituted under and by virtue of Virginia Code 1936, section 5259. This section provides that a proceeding by a bill in equity to impeach or establish a will may be filed within one year from the date of the order of probate made by a court, with a like limitation upon an order of probate made by a clerk of a court, if no appeal be taken from such order. It further expressly provides "If no such bill be filed within that time, the sentence or order shall be forever binding." Prior to the amendment of this section in 1934, the limitation was two years.

The only jurisdiction in the court of equity to hear this suit is that conferred by the above statute. The method and right of impeaching a will depends upon this statute. The very right itself is provided by the statute, and the statute which creates the right prescribes a special limitation upon the right,—the time within which the right can be exercised. The statute which confers the right fixes the period within which the right may be enforced, and the limitation is of the right as well as of the remedy. It is not a pure statute of limitations,—one affecting the remedy only. *Ferguson* v. *Ferguson,* 169 Va. 77, 192 S. E. 774.

In *Savings Bank of Richmond* v. *Powhatan Clay Mfg. Co., supra,* a bill was filed to enforce a mechanic's lien. The court held a demurrer to the bill should have been sustained because the bill did not show when the amount covered by the alleged lien became due and payable, nor allege that the suit had been brought within the period prescribed by statute for filing it.

Keith, P., delivering the opinion of this court, and distinguishing the case of *Hubble* v. *Poff, supra,* in which he

had also written the opinion, said [102 Va. 274, 46 S. E. 295]:

"It was held in *Hubble* v. *Poff*, 98 Va. 646, 37 S. E. 277, that the statute of limitations cannot be taken advantage of in a court of equity by a demurrer to the bill; but that case dealt with a pure statute of limitations—one which affected the remedy only, and which did not touch the right. In a note to that case, to be found at page 558, Vol. VI, of the Virginia Law Register, the distinction and the reasons for it are pointed out; and it is said that where a 'special limitation is prescribed by a statute creating a new right, the bill would seem to be demurrable, not only where it shows on its face the expiration of the prescribed period, but unless it shows affirmatively that the prescribed period has not elapsed.' "

The case of *Salyer Co., Inc., et al.* v. *Doss Coal Co., Inc., et al., supra,* may be similarly distinguished. That case also only "dealt with a pure statute of limitations—one which affected the remedy only, and which did not touch the right."

In *Commonwealth* v. *Deford Company, Inc.,* 137 Va. 542, 120 S. E. 281, this court cited with approval the holding and reasoning in *Savings Bank of Richmond* v. *Powhatan Clay Mfg. Co., supra.*

■■■ Textbook writers and other authorities are generally agreed that there is a distinction between a pure statute of limitations, which must be specifically pleaded, and a special limitation prescribed by a statute creating a new right; for example, the limitation of one year for instituting an action for wrongful death and the limitation of six months within which a suit may be brought to enforce a mechanic's lien. In the given instances, the right to bring the suit and the jurisdiction of the court is dependent upon the suit being brought within the period of limitation. *Savings Bank of Richmond* v. *Powhatan Clay Mfg. Co., supra; Dowell* v. *Cox,* 108 Va. 460, 62 S. E. 272; *Leesburg* v. *Loudoun National Bank,* 141 Va. 244, 126 S. E. 196; *American Mutual Liability Ins. Co.* v. *Hamilton,* 145 Va. 391, 135 S. E. 21. The declaration or the bill in such cases is de-

murrable not only where it shows on its face that the prescribed period has elapsed; but also unless it affirmatively shows that such period has not expired. The statute relates to the very right of the action as well as the remedy. This rule is consonant with reason, and obtains in Virginia and most of the States. Burks' Pleading and Practice (3d Ed.), pages 213, 214.

In Barton's Chancery Practice (3d Ed.), Volume I, at page 26, it is said:

"In Virginia it is now settled that the statute of limitations cannot be taken advantage of by demurrer except where a statute creates a right which did not exist at common law and fixes a term within which that right may be enforced, then, unless the bill seeking to enforce such right affirmatively shows that the suit was brought within the time limited by the statute, it will be bad on demurrer."

In the instant case, time was of the essence of the right, and a condition of the existence and duration of the right. The limitation is so incorporated in the remedy as to make it an integral part and a condition precedent to the maintenance of the proceeding. The right to the action expired when the time within which the action could have been brought had elapsed. None of the exceptions which might otherwise take a case out of the bar of a pure statute of limitations can be applicable where no right of action exists.

For the reasons assigned, the bill on its face was insufficient in law. Upon this ground, the trial court should have sustained the demurrer. In the absence of a right of action, the proceeding should have been dismissed. The decree appealed from is affirmed.

*Affirmed.*