AXTON FISHER TOBACCO COMPANY, Plaintiff and Appellee, v. RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 9026. Argued April 6, 1945.—Decided November 20, 1945.

---

[1] See Art. 1 of Planning Regulations No. 3, promulgated by the Planning Board of Puerto Rico on September 5, 1945.

*Jesús A. González, Acting Attorney General,* and *G. Benítez Gautier, Deputy Attorney General,* for appellant. *James R. Beverly, R. Castro Fernández,* and *José López Baralt* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

This case is germane to that of *Axton Fisher Tobacco Company* v. *Buscaglia, ante,* p. 115. But since in the instant case the Treasurer relies on the defense of prescription, it must be considered and should it not be successful, the present case must be decided in accordance with our opinion in the former case.

The Treasurer maintains that, since the payments were made under protest on August 30, September 10, October 8 and 21, and November 1 and 13, 1941, and the complaint was filed on August 28, 1942, plaintiff's cause of action has prescribed pursuant to § 3 of Act No. 8 of 1927 (Laws of 1927, p. 122), as amended by Act No. 17 of November 21, 1941 (Spec. Sess. Laws, p. 54),[1] by virtue of which a new method of making payments under protest was established and the period to file a complaint claiming the return of taxes paid under protest was reduced from one year to 30 days. In support of his contention he cites 34 Am. Jur., Limitation

---

[1] Sections 1 and 3 of Act No. 8 of 1927 provided:

"Section 1.—Whenever a taxpayer believes that he should not pay any tax or part thereof, he shall, however, be obliged to pay the same in full upon request of the collector of internal revenue of his district, or of the official in charge of the collection of taxes, and shall he desire to make any claim, shall ask the said collector or the said official in charge of the collection of taxes, on making payment, to endorse the tax receipt, specifically stating whether the said protest refers to the whole or to a part of the tax paid under protest, and setting forth the exact amount protested. The said endorsement shall be signed by the taxpayer and by the collector or officer in charge of the collection of taxes.

"Section 3.—A taxpayer who shall have paid under protest the whole or part of any tax may, within the term of one year from the date of payment, sue the Treasurer of Porto Rico in an insular court of competent jurisdiction, or in the District Court of the United States for Porto Rico, to secure the return of the amount protested. . ."

Act No. 17 of November 21, 1941 amended § 1 as follows:

"Section 1.—Whenever a taxpayer believes that he should not pay any tax or part thereof, with the exception of property, inheritance, and income

of Actions, § 21, p. 29, where the general rule is expressed that ". . . . . it is firmly established that when a new limitation is made to apply to existing rights or causes of action, a reasonable time must be allowed before it takes effect in which such rights may be asserted or in which suit may be brought on such causes of action, and that a limitation statute is void if the period allowed is unreasonably short. On the other hand, statutes of limitations affecting existing rights are not unconstitutional if a reasonable time is given for the enforcement of the right before the bar takes effect," and the case of *Atchafalaya Co.* v. *Williams Co.*, 258 U.S. 190, where applying the rule cited it was stated that ". . . . such statutes are valid if they allow a reasonable time after their enactment for the assertion of an existing right or the enforcement of an existing obligation. . . ."

On the other hand, appellee contends that, since the payments were made under protest prior to the effective date of the amendatory Act, it had one year and not 30 days to file its complaint inasmuch as said amendments did not have a retroactive effect. It in turn cites *U. S.* v. *St. Louis, San Francisco & Texas Ry. Co.*, 270 U. S. 1, where, in con-

---

taxes, for the payment of which there is a specific procedure in the corresponding laws, the taxpayer shall, however, be obliged to pay the same in full upon request of the collector of internal revenue of his district or of the official in charge of the collection of taxes, and should he desire to make any claim, he shall ask the said collector or the said official in charge of the collection of taxes, on making payment, to endorse the tax receipts, specifically stating what part of the tax is paid under protest and challenged by the taxpayer *and the reasons on which he grounds the protest and challenge.* The said endorsement shall be signed by the taxpayer and by the collector or officer in charge of the collection of taxes." (Italics ours.)

And § 3 now reads as follows:

"Section 3.—A taxpayer who, in accordance with this Act and the exceptions established therein, shall have paid under protest the whole or part of any tax may, within the term of thirty (30) days from the date of payment, file a sworn complaint against the Treasurer of Puerto Rico in the corresponding district court; *Provided,* That the complaint shall not be for an amount *or on any other grounds than those alleged in his protest when making payment.*" (Italics ours.)

struing an act which provided that "All actions at law by carriers . . . . . for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues and not after," it was held "That a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication is a rule of general application. It has been applied by this Court to statutes governing procedure (citing authorities). There is nothing in the language of paragraph 3 of § 16, or in any other provision of the Act, or in its history, which requires us to hold that the three-year limitation applies, under any circumstances, to causes of action existing at the date of the Act."

In the case at bar the cause of action arose and was prosecuted by the plaintiff under Act No. 8 of April 1927. This Act established a special procedure to make payments under protest (by stating on the back of the tax receipt the exact amount protested) and it authorized the taxpayer to claim it within one year after the date of payment. Before the expiration of this period and before the plaintiff-appellee instituted its action, the Act of 1927 was amended by Act No. 17 of November 21, 1941, wherein a new procedure to make the payment under protest was established (by stating on the back of the tax receipt all the grounds on which the protest is based), and it provided for a period of 30 days within which to file the complaint, it being further provided that the complaint shall not be for an amount or on any other grounds than those alleged in his protest when making payment. This last prohibition was not established in the Act of 1927.

According to the decisions, a distinction has been made between statutes of limitations, properly speaking, and Acts which, upon conferring jurisdiction on a court to take cognizance of specific causes of action, establish a period within which to exercise the right thus conferred.

In *Hathaway et al.* v. *Merchants' Loan & Trust Co.,* 75 N. E. 1060, the Supreme Court of Illinois established the distinction to which we have referred, thus:

"There is a material distinction between a statute conferring jurisdiction and fixing a time within which it may be exercised, and a statute of limitation. A court of equity has no power to entertain a bill to set aside a will independently of statutory enactment conferring such jurisdiction. When jurisdiction is thus conferred, it can only be exercised in the manner and under the limitations prescribed by the statute. The time within which a bill may be filed under the statute by any person interested is not a limitation law and the statute in force at the time of the filing of the bill is the statute conferring jurisdiction, and must govern."

In *Branch* v. *Branch,* 2, S. E. (2d) 327, decided by the Supreme Court of Appeals of Virginia, it was stated on p. 329:

"The very right itself is provided by the statute, and the statute which creates the right prescribes a special limitation upon the right, —the time within which the right can be exercised. The statute which confers the right fixes the period within which the right may be enforced, and the limitation is of the right as well as of the remedy. It is not a' pure statute of limitations,—one affecting the remedy only."

This same doctrine is set forth in Wood on Limitations, § 9, pp. 30, 31, thus:

"In creating the right, the legislature has the power to impose any restrictions it sees fit, and the conditions so imposed qualify the right, and are an integral part thereof; they are conditions precedent, so to speak that must be fully complied with, or the right does not exist. . . It seems, also, that where such ·a right is given by a statute, which imposes a limitation as to the time within which the action shall be brought, and subsequent to the time when a right accrued thereunder the right is enlarged or restricted, and the limitation clause is repealed, the right can only be enforced under the statute as it stood when it accrued, and subject to all its conditions and limitations."

Act No. 8 of April 19, 1927, established a method of making payment and provided that the claim for recovery should be

instituted within a year after making payment in the manner prescribed by law. The amendment of 1941 establishes a new method of making payment and grants a period of 30 days to file the complaint to those taxpayers who make payments according to the manner provided by the new Act and limits the grounds of the claim to those set forth at the time of making payment under protest.

If, as stated by Wood, "the right can only be enforced under the statute as it stood when it accrued, and subject to all its conditions and limitations," it is obvious that when plaintiff's cause of action arose in this case it could only have been instituted according to the conditions and limitations fixed by Act No. 8 of 1927. The amendments provided by Act No. 17 of 1941, in so far as the limitation period of 30 days and the method of making payment under protest and the limitation of the grounds of the claim are concerned, are requirements with which plaintiff could not have complied, since they did not exist at the time its cause of action arose. We are of the opinion that the amendments introduced by Act No. 17 of 1941 are prospective. Inasmuch as the taxpayer who paid according to Act No. 8 of 1927 is unable to comply with the new requirements established to make the payment under protest and to file its claim, the new limitation period can not be applied to it either.

For the aforesaid reasons and those stated in the former case between the same parties, *ante,* p. 115, the judgment appealed from is affirmed.