## Richmond

JOE B. HAWKINS v. VIRGINIA TAMPA, ET AL.

June 13, 1955.

Record No. 4387.

Present, All the Justices.

The opinion states the case.

*Long & Long; Greear, Bowen, Mullins & Winston* and *I. A. Beauchamp*, for the appellant.

*George A. Pruner*, for the appellees.

MILLER, J., delivered the opinion of the court.

Bertha H. Hawkins, a resident of Wise county, Virginia, died on the 16th day of March, 1952, owning a small personal estate and

seized of real estate located in that county. She had been married twice and left surviving as her distributees and heirs at law Joe B. Hawkins, her second husband; Gaynell Sackler and Cuba Rice, daughters by him; and Virginia Tampa and Mary Jane Myers, daughters by her former husband.

On May 24, 1953, Joe B. Hawkins, hereinafter called appellant, filed a bill in equity against Virginia Tampa, Mary Jane Myers, Gaynell Sackler and Cuba Rice. He alleged that Bertha H. Hawkins left a valid will executed in the manner required by law, under which he was given all of her property and named as executor. He asserted that after decedent's death he found the will among her papers and that it was in his possession for some time, but had been lost or surreptitiously taken from him. A copy of the alleged will was not attached to the bill, but one of the subscribing witnesses was named and it was stated that the other's name was at that time unknown to complainant.

Three of the defendants, Virginia Tampa, Mary Jane Myers and Cuba Rice, hereinafter called appellees, demurred to the bill. The principal grounds of demurrer were that (a) the court "was necessarily acting as a probate court" and did not have jurisdiction to entertain the suit because the bill did not affirmatively show that "it was filed after a sentence or order" under § 64-73 or § 64-81, Code of 1950; (b) under its general equity jurisdiction the court had no power to establish a lost will, and "the bill does not affirmatively show that this suit was instituted in the manner prescribed and within the time limited by Section 64-84 and/or Section 64-85 of the Code of Virginia, which sections not only prescribe the manner of procedure for enforcing the right asserted, but fix the time within which such right must be asserted," and (c) because of laches complainant was not entitled to maintain his suit.

Filed at the same time was a plea of the statute of limitations, which alleged that on April 25, 1952, Joe B. Hawkins had appeared before the clerk of the circuit court, represented that decedent died intestate and on his motion had been appointed administrator of her estate. This appointment was made under authority of §§ 64-73, 64-114 and 64-115, Code of 1950. Attached to the plea as a part thereof was the order of April 25, 1952, which reads in part as follows:

"It appearing Bertha Hawkins died intestate on March 16, 1952, and at the time of her death was a resident of Wise County, Virginia. Now, on motion of J. B. Hawkins, husband of the said

Bertha Hawkins, deceased, he hereby is appointed Administrator of all and singular the goods and chattels, rights and credits which were of the said Bertha Hawkins, deceased. Thereupon, the said J. B. Hawkins qualified as such Administrator by taking the oaths prescribed by law and executing bond in the penalty of eight Hundred ($800.00) dollars, * * *."

After hearing argument on the sufficiency of the demurrer and plea, the trial judge indicated to counsel that he would sustain the demurrer and dismiss the bill. Thereafter appellant tendered an amended bill which repeated the allegations of the original bill, gave the names of both subscribing witnesses and set out the alleged will in full. In it appellant also stated that he had qualified as administrator on April 25, 1952, on the advice of counsel, but before doing so told the clerk that decedent had left a will which could not be located at that time: that in decedent's inheritance tax report filed August 2, 1952, he had made a like statement, and that he had qualified as administrator solely to "protect and preserve" decedent's estate until the will could be located or decision made as to what should ultimately be done.

By decree of May 26, 1954, the cause was brought on to be heard on the original bill, the demurrer, the plea of the statute of limitations, with exhibit attached, appellant's motion for leave to file his amended bill, and all former orders in the cause. Appellant's motion to file the amended bill was denied, but the amended bill was made a part of the record, and the court decreed that the demurrer be sustained and the bill of complaint was dismissed.

The court did not, in terms, decree upon appellees' plea, which is the only pleading filed that alleged that an administrator qualified upon decedent's estate and when that qualification was had. However, counsel for appellant conceded in his amended bill, now a part of the record, that he did qualify as administrator on April 25, 1952, and no point had been made of the fact that the original bill did not make that allegation.

In short, the cause seems to have been submitted to the trial court and determined upon the legal issue of whether or not §§ 64-84 and 64-85 preclude one from maintaining a bill in equity to establish a lost will where the bill is not filed within one year after entry of an order appointing an administrator. That is the dominant question presented by the pleadings and it was the chief issue argued at bar.

By § 64-72, Code of 1950, probate jurisdiction is conferred upon

certain courts, their clerks, and deputy clerks, and § 64-73 expressly empowers clerks of these courts to admit wills to probate and appoint executors or administrators, and provides for the entry of an order to that effect in the clerk's order book. Section 64-74 allows any interested party to appeal to the court within six months after entry of the clerk's order, and provides that the court "shall then hear and determine the matter as though it had been presented to the court in the first instance. * * *"

Sections 64-75 and 64-76, Code of 1950, provide for the summoning of any party interested in the probate, and § 64-81 provides for the probate of a will before the court without summoning any party.

Appellees contend that the circuit court has no general equity jurisdiction to establish a lost will, and that its only power to do so is under and by virtue of its statutory probate jurisdiction. They insist that § 64-84 affords the only right and means by which a lost will may be established. Relying upon the legal correctness of these positions, they then point out that under § 64-84 it can be established only "after a sentence or order" has been entered under § 64-73 or § 64-81, and that § 64-85 limits the time in which the bill may be filed to one year after entry of the sentence or order.

It is then argued that as § 64-84 and § 64-85 give the right to file the bill to establish or impeach the will and limit the time in which that can be done, the limitation is of the right and because this bill did not show that it was filed within a year after the entry of an order under §§ 64-73 or 64-81, it was fatally defective. *Branch* v. *Branch*, 172 Va. 413, 2 S. E. (2d) 327.

It is true that if a will be offered to the court for probate under its original jurisdiction or presented to it on appeal from a clerk's order and an order allowing or refusing probate be entered by the court, or if a will be offered for probate before a clerk and a similar order be entered by the clerk from which no appeal be taken, then under § 64-84 "a person interested, who was not a party to the proceeding may proceed by bill in equity to impeach or establish the will * * *." *In re Will of Bentley*, 175 Va. 456, 9 S. E. (2d) 308. But this provision in § 64-84 contemplates and presupposes (as does the limitation found in § 64-85) that "the will" in question was offered for probate to the court or clerk. It does not mean that some will other than that tendered may not be probated when more than a year has elapsed after the entry of an order allowing or refusing

probate of a different will. *In re Will of Bentley, supra.* Nor does it state or mean that a lost will may not be established in a court of equity under its general equity jurisdiction.

That a lost will may be established by bill in equity addressed to the general equity jurisdiction of the court is not open to question. *Gibbons* v. *Rew,* 164 Va. 339, 180 S. E. 153; *Bowery* v. *Webber,* 181 Va. 34, 23 S. E. (2d) 766; *Tate* v. *Wren,* 185 Va. 773, 40 S. E. (2d) 188.

To the facts of this case §§ 64-84 and 64-85 have no application. Here no will was offered for probate by appellant when he appeared before the clerk on April 25, 1952. No will was tendered and no probate ordered or denied. The order entered by the clerk merely appointed an administrator on the estate of an allegedly intestate decedent. That being true, there was no award or denial of probate of "the will" contemplated by §§ 64-84 and 64-85 from which appellant could appeal, and there is no statutory limitation fixing a time in which he was required to file his bill in equity to establish the alleged lost will.

█ Appellees assigned laches as one of their grounds of demurrer. The allegations and statements in the bill of complaint do not establish that appellant was guilty of laches, nor does the final decree indicate that the demurrer was sustained on that ground. We find no merit in this contention, interposed as it is by a demurrer.

In their brief and argument at bar appellees have insisted that the clerk's order of April 25, 1952, (a) constitutes a judgment that bars appellant from maintaining his bill, (b) conclusively shows that appellant has made an election of remedies, and (c) operates as an estoppel to prevent him from maintaining a suit to establish a lost will.

It is sufficient to say that these alleged defenses of former adjudication, election of remedies, and estoppel are not set up in any pleading filed by appellees, and it does not appear that the trial court sustained the demurrer upon any of these grounds.

For the reasons stated the decree appealed from will be reversed, the cause remanded with directions to the trial court to allow appellant to file his amended bill if he be so advised, and with leave to appellees to present appropriate pleadings to the original or amended bill of complaint if it be filed.

*Reversed and remanded.*