**Charles B. BEVERAGE, Jr., Admin., etc.**

v.

**Fred Douglas HARVEY.**

**Civ. A. No. 77–0707–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 12, 1978.

Thomas W. Williamson, Jr., Richmond, Va., for plaintiff.

James W. Morris, III, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

This is a wrongful death case which is before the Court because of diversity of citizenship. Defendant has moved for summary judgment and the matter has been fully briefed.

The complaint was filed more than two years after the accident and death of the deceased. Thus, the action would appear to

be barred by Va.Code § 8–633 (1950),[1] the section in which Virginia's wrongful death law was contained at the time of the accident.

The decedent, whose administrator is the plaintiff in this action, was injured in an automobile accident on 21 August 1975 in Prince William County, Virginia, when the car in which plaintiff's decedent was riding collided with another automobile. Defendant was the driver of the car in which plaintiff's decedent was riding. The next day plaintiff's decedent died of the injuries suffered in the crash. More than two years later, on 1 December 1977, a complaint was filed with this Court alleging the negligence of the defendant as the cause of the fatal collision.

There had been occasional discussion and correspondence concerning settlement between plaintiff's counsel, Mr. Zelman, and defendant's insurance carrier during the intervening months.

With the statute of limitations due to expire on 21 August 1977, Mr. Zelman wrote to defendant's carrier in early August 1977 stating he was now ready to settle and demanding $19,000. Upon receipt of the letter on 10 August the liability carrier's claims representative, Mr. Hamlett, decided to set the letter aside to see if counsel for plaintiff "was going to let the statute run." Zelman did indeed fail to file the suit within time and Hamlett promptly withdrew all previous offers of settlement. This suit ensued.

## I.

Plaintiff claims that these undisputed facts raise an equitable estoppel to defendant's plea of the statute of limitations. The Virginia Supreme Court, in *American Mutual Liability Ins. Co. v. Hamilton*, 145 Va. 391, 135 S.E. 21 (1926), held that equitable estoppel will vitiate a plea of the statute of limitations even though the statute of limitation in question is "remedial" rather than "procedural."[2] *American Mutual* was a workmen's compensation case in which the limitation was written directly into the statute creating the right. As shown in note one, such was also the situation in the statutory action of wrongful death at the time of the events in question. Thus, the language in *American Mutual* is clearly applicable to a wrongful death case:

> Independently of statutes of limitations *or of jurisdiction as determined by statutes fixing the time within which applications for hearings shall be filed* in a court of equity, when one by his acts, through representations or admissions, or by his silence or through culpable negligence, induces another to believe certain facts to exist, and such other rightfully relies and acts upon such beliefs so that he will be prejudiced if the former is permitted to deny the existence of such acts, estoppel arises. *American Mutual Liability Insurance Company*, 135 S.E. at 24. (Emphasis added).

The strength of this dicta in *American Mutual*, as applied to a wrongful death action, is in doubt. *American Mutual* is cited in *Branch v. Branch*, 172 Va. 413, 2 S.E.2d 327 (1939) to support the proposition that such remedial statutes of limitation are not subject to the same defenses to which procedural statutes of limitations are subject. Just this past year, in *Barksdale v. H.*

---

1. Va.Code § 8–633 (Supp.1976) reads in pertinent part as follows:

   "Every action under this [wrongful death] section shall be brought within two years after the death of the injured person, notwithstanding the provision of Section 8–24." The provision is presently codified in Va.Code § 8.01–244B (1977) and reads as follows:
   "Every action under § 8.01–50 [present codification of wrongful death statute] shall be brought by the personal representative of the decedent within two years after the death of the injured person."

2. A "remedial" statute of limitations is one which is written directly into the statute creating the cause of action and thus at the end of the time period the right itself, as well as the remedy, is extinguished. On the other hand, a "procedural" statute of limitations is one that applies generally to causes of action, is codified together with other procedural matters, and eliminates merely the remedy, not the right. The right is given either by the common law or by a statute without a time limit on its exercise.

*O. Engen, Inc.*, 218 Va. 496, 237 S.E.2d 794 (1977), *American Mutual* is cited as authority for the conclusion that bringing an action within the time limit, where the limit is an integral part of the statute, is "a condition precedent to maintenance of the claim." *Barksdale*, 237 S.E.2d at 796.

*Branch* dealt with the time limit within which one could challenge the probate of a will and *Barksdale* was concerned with the filing of a workmen's compensation claim. The citations to *American Mutual* for the holdings in *Branch* and *Barksdale* do not seem wholly appropriate but apparently the present Virginia court now views the distinction between remedial and procedural statutes of limitation as having a more substantial operative effect than did the court in 1926 when it decided *American Mutual*.

■ Though giving due weight to the *Branch* and *Barksdale* gloss on *American Mutual*, only in *American Mutual* is there language dealing directly with the issue at hand—the effect of equitable estoppel on a remedial statute of limitations. Since the Virginia Supreme Court has never specifically contradicted the actual language in *American Mutual*, though the decision was recently cited by the Court, it may be inferred that equitable estoppel is a valid defense to a plea of a remedial statute of limitations in a wrongful death case in Virginia. Accordingly, the Court holds that Virginia law allows the maintenance of equitable estoppel as a defense to the running of the statute of limitations in this case.

■ In order to make out a case of equitable estoppel, the test set out in *American Mutual*, 135 S.E. at 25, must be met.

1. *There must have been a representation or concealment of material facts.* There was no representation in this case and the only concealment was the failure of Hamlett to advise plaintiff's attorney of the impending termination of his client's legal right. This was not the concealment of a material fact. In the first place, a statute of limitations is not a fact; it is a law. In the second place, Hamlett's silence was not a concealment. The Virginia statute of limitations for wrongful death actions is clearly written into the statute itself. Hamlett could not conceal the statute of limitations from Zelman by silence. It is self-evident that even the slightest research would have apprised Zelman of it.

2. *The representation or concealment must have been with knowledge of the true state of facts.* It is not denied that Hamlett knew the statute was about to run but he had no knowledge of Zelman's ignorance of the law, nor did he have a duty to educate counsel for claimant.

3. *The party to whom it was made must have been ignorant of the truth of the matter as to which representation or concealment was made.* Zelman was ignorant of the statute of limitations but this ignorance was not a result of Hamlett's silence. It was a result of Zelman's incredible failure to read and understand the clear language of Virginia's wrongful death statute.

4. *The representation or concealment must have been made with the intention that the other party should act on it, or if not intentional, there must have been gross negligence which had the effect of working a fraud on the other party.* It is true that Hamlett hoped that Zelman would let the statute of limitations run so that his failure to apprise Zelman of it was to that extent intentional.

5. *The representation or concealment must have been the inducement to the action of the other party.* Hamlett's action in no way could have induced Zelman to do anything unless Zelman was expecting Hamlett to apprise him of the appropriate statute of limitations, a clearly unreasonable expectation on the part of any attorney.

6. *The party claiming the estoppel must have been misled to his injury.* The plaintiff has indeed been injured here. However, Zelman was not misled by Hamlett as no representation was made to Zelman concerning the statute of limitations. No concealment could have been effected by Hamlett concerning the statute of limitation since it is clearly and publicly set out in

the Code of Virginia. And professions of hope concerning the possibility of settlement are not representations that there will be a settlement.

Plaintiff has cited a number of cases for his contention that the facts here warrant the application of equitable estoppel. Several are not Virginia cases. And the Virginia cases are inapposite in fact. *Contee Sand & Gravel Co. v. Reliance Ins. Co.*, 209 Va. 672, 166 S.E.2d 290 (1969) dealt with a situation where the false information conveyed to the plaintiff's attorney was not a matter of public record but was a fact solely within the knowledge of the defendant. That is clearly distinguishable from the failure of Hamlett to warn Zelman of the statute of limitations.

*City of Bedford v. James Leffel & Co.*, 558 F.2d 216 (4th Cir. 1977) is no closer to the factual situation at hand. There defendant repeatedly and explicitly urged plaintiff not to resort to litigation with assurances that the defective turbines could and would be repaired by defendant. As requested by defendant, plaintiff delayed commencing its action to allow defendant an opportunity to effect the promised repairs. Under these circumstances reliance of plaintiff on defendant's representations was a proper subject of inquiry. In the instant case, by contrast, Hamlett neither sought nor induced delay. He merely waited out plaintiff's delay in filing suit—a delay occasioned by plaintiff's ignorance, not by Hamlett's silence.

■ By agreement of counsel and order of Court entered herein on 14 July 1978 all matters of fact and law relative to the plea of the statute of limitations are submitted to the Court on the pleadings, briefs, affidavits, exhibits and depositions. The Court concludes as a matter of law, after consideration of the foregoing, that plaintiff can-, not meet the *American Mutual* equitable estoppel standard.

The Court also reaches the same conclusion as trier of fact. The standard for proving the analogous defense of fraud set out in *Sadler v. Marsden*, 160 Va. 392, 168 S.E. 357, 361 (1933), that clear, strong and convincing evidence is needed, has clearly not been met in this case. If equitable estoppel may be proved by the lesser burden of preponderance of the evidence, plaintiff has not carried his burden. In this connection, Mr. Zelman's deposition with respect to the settlement reached with Traveller's Insurance Company, so clearly contradicted by the documentary evidence and by the testimony of Bernard J. Fitzsimmons, is not accorded the weight which ordinarily would attend the testimony of a member of the bar.

## II

■ As an additional argument plaintiff contends that the two year statute of limitations is tolled by Va.Code § 8–30 (1957), the tolling statute for infants in effect at the time of the accident. Even if it be assumed that tolling statutes are generally applicable to remedial statutes of limitations, *cf. Barksdale v. H. O. Engen, Inc.*, *supra*, 237 S.E.2d at 796, and *Manuel v. Norfolk & Western Ry.*, 99 Va. 188, 37 S.E. 957 (1901), the statutory reference to "such personal action" does not apply to wrongful death actions. It must have related to personal actions codified immediately above § 8–30 in earlier versions of the Code. Research has not shown what actions were so juxtaposed. But in any event, the language in § 8–30 "[i]f any person to whom the right accrues to bring any such personal action . . ." makes it clear that the saving clause applies only to a person who can bring an action. And it is not an infant beneficiary who is empowered to bring a wrongful death action but the personal representative of the decedent who, according to Va.Code § 8–634 (Supp.1976), must bring the action. Since the reason for tolling an infant's action, his legal and actual disability, does not inhibit the filing of a wrongful death action, there is no reason to toll the statute for infancy in wrongful death cases. No disability attends an infant beneficiary, as such, in the filing of a wrongful death action. Accordingly, the Court holds that the statute of limitations in this case is not tolled because the sole beneficiary of the decedent's estate is an infant.

An appropriate order shall issue.