### Richmond

## BUNION BARKSDALE v. H.O. ENGEN, INC. ET AL.

October 7, 1977.

Record No. 761491.

Present: All the Justices.

*William H. Robinson, Jr. (Alexander H. Slaughter; Aaron M. Levine [D.C.]; McGuire, Woods & Battle,* on briefs), for appellant.

*William O. Snead, III* (*Brian H. Rhatigan; Carr, Jordan, Coyne & Savits,* on brief), for appellees.

COCHRAN, J., delivered the opinion of the Court.

The question presented in this appeal is whether an employee's claim under the Workmen's Compensation Act is barred by the one-year limitation in effect at the time of his injury when within one year after the accident the limitation period was increased to two years.

On July 25, 1974, Bunion Barksdale sustained a work-related injury to his eye. At that time Code § 65.1-87 (Repl. Vol. 1973) provided that compensation under the Workmen's Compensation Act "shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident . . . ." The statute was amended effective June 1, 1975, changing the time within which a claim must be filed to two years after the accident. Barksdale filed his claim more than one year but less than two years after the date of his injury.

Deputy Commissioner Wilhoit of the Industrial Commission ruled that the one-year limitation in effect at the time of Barksdale's injury applied, that the limitation was jurisdictional, and that the claim was barred. On review by the full Commission this ruling was unanimously affirmed.

■ We have held in numerous cases that the limitation provision of § 65.1-87 is jurisdictional and that failure to file within the prescribed time will bar a claim. *Shawley* v. *Shea-Ball*, 216 Va. 442, 445-46, 219 S.E.2d 849, 852 (1975); *Coal Company* v. *Pannell*, 203 Va. 49, 122 S.E.2d 666 (1961); *Winston* v. *City of Richmond*, 196 Va. 403, 83 S.E.2d 728 (1954). In *Binswanger Glass Co.* v. *Wallace*, 214 Va. 70, 197 S.E.2d 191 (1973), we held that the time limitation prescribed in § 65.1-99 for review of an award on the ground of a change in condition was not jurisdictional and could be waived, but again stated that the time limitation of § 65.1-87 for filing an original claim is jurisdictional. And in *Allen* v. *Mottley Construction Co.*, 160 Va. 875, 170 S.E. 412 (1933), also involving a change of condition, we held that a procedural amendment dealing solely with the remedy would be applied retrospectively, an effect which, as we pointed out therein, differs materially from the effect of an amendment involving a combination of right and remedy, or

right alone, where vested rights may be impaired by retrospective application.

Barksdale relies on *Shanahan* v. *Pocahontas Fuel Co.*, 194 Va. 303, 72 S.E.2d 639 (1952). In that case Shanahan was denied recovery by the Industrial Commission for failure to give notice to his employer within the time prescribed by statute. On appeal we reversed on the ground that the statute had been amended and broadened after the final award of the Commission to apply to "occupational diseases contracted before" as well as after the effective date of the amendment. We held that the amendment dealt solely with the remedy and was by its language intended to apply both retrospectively and prospectively. There is no such language in the 1975 amendment to § 65.1-87.

Barksdale argues that the limitation period in issue is more akin to the procedural statute of limitations in a common law tort action than to a wholly new statutory right of action. We do not agree. The right to recover under the Workmen's Compensation Act, which is not based on negligence and is not barred by common law tort defenses of contributory negligence, negligence of a fellow servant, or assumption of risk, is a purely statutory right unknown at common law. The statute created a new right of action for the benefit of an employee or his dependents for work-related personal injuries or death without regard to the employee's negligence. *Griffith* v. *Raven Red Ash Coal Co.*, 179 Va. 790, 796, 20 S.E.2d 530, 533 (1942).

We have long recognized that there is a marked distinction between a pure statute of limitations and a special limitation prescribed by a statute creating a new right. *See Branch* v. *Branch*, 172 Va. 413, 417, 2 S.E.2d 327, 329 (1939). The special limitation is part of the right as well as the remedy, an integral part of the statute, and a condition precedent to maintenance of the claim. *American Mutual, Etc.* v. *Hamilton*, 145 Va. 391, 403, 135 S.E. 21, 24 (1926); *Leesburg* v. *Loudoun Nat. B'k*, 141 Va. 244, 247, 126 S.E. 196, 197 (1925); *Commonwealth* v. *Deford*, 137 Va. 542, 551, 120 S.E. 281, 284 (1923). *See Continental Casualty Co.* v. *The Benny Skou*, 200 F.2d 246, 248 (4th Cir. 1952); *Continental Cas. Co.* v. *Thorden Line*, 186 F.2d 992, 997 (4th Cir. 1951). As we said in *Winston* v. *City of Richmond, supra*, 196 Va. at 407, 83 S.E.2d at 731, "[t]he right to compensation under the workmen's compensation law is

granted by statute, and in giving the right the legislature had full power to prescribe the time and manner of its exercise." Thus the limitation is a part of the new substantive right.

The Virginia Workmen's Compensation Act is based upon the Indiana statute, so that the construction placed upon the Indiana law by the courts of that state merits our consideration. *See Hoffer Bros.* v. *Smith,* 148 Va. 220, 138 S.E. 474 (1927). In *Railway Express Agency* v. *Harrington,* 119 Ind. App. 593, 88 N.E.2d 175 (1949), where an amendment to the Indiana statute shortened the limitation period within which claims must be filed, it was held that the rights and duties of the parties were fixed by the law in effect at the time of injury and were not affected by the subsequent amendment. Moreover, in *McCrater* v. *Stone & Webster Engineering Corp.,* 248 N.C. 707, 104 S.E.2d 858 (1958), an amendment to the North Carolina workmen's compensation statute changing the limitation period from one to two years was held to be inapplicable to a claim arising from an injury received before the effective date of the amendment. The court ruled that the time limit in effect at the date of the accident was a part of the employee's substantive right of recovery which could not be enlarged by subsequent amendment.

Although we acknowledge that the Workmen's Compensation Act should be liberally construed in favor of the workman, we must necessarily conclude that in this case the provisions of the statute inextricably bind the remedy to the right of recovery. Accordingly, we hold that the contractual obligations of the employer and employee and the employee's substantive right to recover were fixed at the time of Barksdale's injury, so that the subsequent amendment to Code § 65.1-87 did not apply to his claim.

For the reasons assigned, therefore, the award of the Industrial Commission will be

*Affirmed.*