Present:  All the Justices

SABRE CONSTRUCTION CORPORATION

v.  Record No. 971895    OPINION BY JUSTICE ELIZABETH B. LACY
                                          June 5, 1998
COUNTY OF FAIRFAX

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
F. Bruce Bach, Judge

In this appeal, we consider whether the trial court correctly held that Code §§ 11-66 and -70 of the Public Procurement Act, Code §§ 11-35 through -80, require that a bidder who seeks to challenge a public body's determination that its bid was non-responsive institute legal action protesting the bid award within ten days after the public body's written decision on the bidder's protest.

On February 20, 1997, the County of Fairfax (the County) received bids for the construction of Phase II of the Fairfax County Public Safety Facility.  Sabre Construction Corporation (Sabre) submitted a timely bid.  On February 27, 1997, the County notified Sabre by letter that its bid was "determined to be non-responsive" because Sabre had failed to bid on "Alternate No. 5."  In the same letter, the County informed Sabre that it would recommend awarding the contract to another bidder, the V.F. Pavone Construction Company (Pavone), and that its decision would be final unless Sabre filed a protest within ten days of receiving the letter.  After seeking

clarification from the County regarding the appropriate procedures,[1] Sabre filed a protest with the County on March 7, arguing that the omission of Alternate No. 5 from its bid was "de minimus" and should not constitute grounds for a finding of non-responsiveness.  Sabre further argued that if the County added the amount of Pavone's bid on Alternate No. 5 to Sabre's bid, Sabre's bid would be the lowest, and Sabre should, therefore, be awarded the contract.  On March 13, the County issued its written decision denying Sabre's protest.

On March 12, one day before the County denied Sabre's protest, Sabre filed the instant action.  In its motion for judgment, Sabre sought a determination that it was the low bidder, that its bid was responsive, and that the County's decision to award the contract to Pavone was arbitrary and capricious.

The County filed a motion to dismiss arguing that under § 11-66, the County's decision on a protest is final unless the bidder appeals or files legal action "within ten days of the written decision."  Since Sabre filed its legal action

---

[1] The "Information for Bidders" packet provided by the County to potential bidders contained directions for protesting and appealing from actions taken by the County in the bid award process.  The County's directions were not identical to the statutory provisions in all respects.  However, these directions do not supersede the statutory provisions at issue here because they were not part of a

before the County issued its written decision on the protest, Sabre did not comply with the provisions of § 11-66 and, therefore, the court could not entertain Sabre's motion for judgment. The trial court agreed and dismissed the case with prejudice.

On appeal, Sabre asserts that the trial court erred because 1) Sabre complied with the filing requirements of § 11-66, 2) any failure to comply with the filing requirements of § 11-66 was "procedural only" and should not defeat Sabre's claim, and 3) Sabre's motion for judgment was properly filed under § 11-70(A). We consider these assertions in order.

I.

Section 11-66 creates the procedure for protesting a public body's decision to award a contract. Under that section, a disappointed bidder must first protest the award or decision to award "in writing to the public body . . . no later than ten days after the award or announcement of the decision to award." The public body must respond in writing to the protest within ten days. The decision of the public body "shall be final unless the bidder or offeror appeals within ten days of the written decision by invoking administrative procedures meeting the standards of § 11-71, if

county ordinance or resolution adopting competitive procurement principles pursuant to § 11-35(D).

3

available,[2] or in the alternative by instituting legal action as provided in § 11-70." § 11-66(A). Subsection (C) of § 11-70 describes the procedure for filing an action in circuit court when the public body denies a bidder's protest of the award of a contract or proposed award of a contract.

In the instant case, Sabre instituted its legal action before the County issued its written decision on Sabre's protest. Nevertheless, Sabre claims that it complied with the § 11-66 requirement that it institute legal action "within ten days" of the County's written decision on its protest. To reach this conclusion, Sabre interprets the phrase "within 10 days" as allowing an unsuccessful bidder to institute an action up to ten days before the public body releases its written response to a protest, as well as up to ten days after the decision. This interpretation, however, cannot stand when the phrase is read in the context of the entire provision.

Section 11-66 provides that the public body's written decision is final unless a bidder "appeals" within ten days. By describing the alternatives available to the protesting bidder as "appeals," the General Assembly made it clear that the purpose of the action is to review the public body's

_____

[2] The County did not create an administrative appeal pursuant to § 11-71.

4

written decision regarding the bidder's protest.[3]  If, as Sabre contends, the legal action could be filed prior to the release of the written decision, then the bidder would be "appealing" a decision which has not yet been issued.  We conclude, therefore, that the phrase "within ten days" does not allow an "appeal" pursuant to § 11-66 to be filed prior to the public body's release of its written decision.

## II.

Sabre next argues that even if it failed to comply with the filing requirements of § 11-66, its failure was "procedural only" and, under the rationale of Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753 (1990), did not require the trial court to dismiss the motion for judgment with prejudice.  Sabre's reliance on Morrison is misplaced.

The Public Procurement Act not only creates the substantive right to file an action against a county, but also imposes a special limitation on that right, namely appealing the written decision of the public body within ten days.  When a special limitation is part of the statute creating the substantive right, the limitation is not merely a procedural requirement, but a part of the newly created substantive cause

---

[3] The statute does not use the word "appeal" in its technical sense, such as an "appeal" of an administrative agency ruling pursuant to § 17-116.05(1).  See Allstar Towing,

5

of action.  <u>Barksdale v. H.O. Engen, Inc.</u>, 218 Va. 496, 498-99, 237 S.E.2d 794, 796 (1977).  The special limitation is a condition precedent to maintaining the claim and failure to comply with it bars the claim.  <u>Id.</u>

<u>Morrison</u> did not involve the application of procedural requirements which were part of a substantive cause of action. The cause of action in Morrison was a common law tort based on medical malpractice.  The procedural requirements at issue were part of a statute addressing procedures for pursuing medical malpractice claims, Code § 8.01-581.2.  Thus, these procedural requirements were not special limitations and the principles applied in <u>Morrison</u> are not relevant to the issue in this case.

### III.

Finally, Sabre argues that it had "a second, independent remedy" under Subsection (A) of § 11-70.  That subsection provides, in relevant part, that

> [a] bidder or offeror, actual or prospective, who is refused permission or disqualified from participation in bidding or competitive negotiation, or who is determined not to be a responsible bidder or offeror for a particular contract, may bring an action in the appropriate circuit court challenging that decision . . . .

<hr>

<u>Inc. v. City of Alexandria</u>, 231 Va. 421, 423-24, 344 S.E.2d 903, 905 (1986).

6

Sabre argues that when the County found its bid to be non-responsive, Sabre was effectively "disqualified from participation" in the bidding process. The trial court concluded, however, that in finding Sabre's bid to be non-responsive, "the County did not refuse or disqualify Sabre from participating in bidding." We agree.

Section 11-70(A) is limited to challenges of public body decisions which "disqualified" a bidder or offeror from participating in the process in any manner. It applies to decisions which exclude the bidder from the process, not to decisions which exclude a particular bid. Were we to interpret the word "disqualified" to encompass rejection of defective bids, we would be ignoring the phrase "participation in bidding" and would be creating a right of action against public bodies broader than that anticipated by the General Assembly. The Public Procurement Act constitutes a waiver of public bodies' sovereign immunity, is in derogation of the common law, and, therefore, must be strictly construed. Halberstam v. Commonwealth, 251 Va. 248, 250-51, 467 S.E.2d 783, 784 (1996); Botetourt County v. Burger, 86 Va. 530, 533 (1889). Consequently, we conclude that § 11-70(A) does not provide a bidder with a remedy independent of the one created by Code §§ 11-66 and -70(C) to challenge a public body's finding that a bid was non-responsive.

7

For the above reasons, we will affirm the judgment of the trial court.

Affirmed.