## CIRCUIT COURT OF THE CITY OF RICHMOND

NBS Imaging Systems, Inc.

v.

Virginia Department
of Motor Vehicles et al.

July 8, 1998

Case No. HJ-1123-4

BY JUDGE RANDALL G. JOHNSON

This case arises under the Virginia Public Procurement Act, Va. Code § 11-35 *et seq.* It is before the court for a determination of whether the court has jurisdiction. The court holds that it does not.

In August 1997, the Virginia Department of Motor Vehicles (DMV) issued a request for proposals "to acquire a contract for a turnkey driver's license and ID card production system to be used by all DMV Customer Service Centers and various DMV headquarters' workcenter locations involving image capture, transmission, storage, retrieval, and card production" — in other words, taking pictures for drivers' licenses. Petitioner NBS Imaging Systems, Inc. ("NBSI"), Polaroid Corporation, which was granted leave to intervene as a respondent in this action, and one other company submitted bids. On February 18, 1998, DMV issued a Notice of Intent to award the contract to Polaroid. On March 2, 1998, within the time allowed by law, NBSI filed with DMV a protest of the intended award. The protest was denied on March 12. On March 23, 1998, NBSI's legal counsel delivered a letter to David H. Driver, Director of the Department of General Services, Division of Purchases and Supply, who also serves as administrator of the Procurement Appeals Board ("Appeals Board" or "Board"), in which NBSI stated its understanding that the Board "would return the appeal on the basis that the Procurement Appeals Board has no jurisdiction to review appeals in the case of procurement for services," something that will be discussed later, and which enclosed "for your review the first two pages of the Notice of

Appeal that would have been filed but for your refusal to accept the Notice of Appeal." A seventeen-page document titled "Notice of Appeal" was submitted to the Appeals Board on April 1. The issue for decision is whether either or both of those submissions was a timely notice of appeal.

Virginia Code § 11-66 deals with bid protests. After setting out the procedure for protesting an award or a decision to award, and after providing for a written agency decision on such a protest, the statute provides, in pertinent part:

The [agency's] decision shall be final unless the bidder or offeror appeals within ten days of the written decision by invoking administrative procedures meeting the standards of § 11-71, if available, or in the alternative by instituting legal action as provided in § 11-70.

In this case, DMV's written decision denying the protest was issued on March 12. Since March 22 was a Sunday, NBSI had until March 23 to invoke administrative procedures or to institute legal action. *See* Va. Code § 1-13.3:1. Legal action was not instituted. Instead, the first letter referred to above, the one enclosing the first two pages of a "Notice of Appeal," was submitted to Mr. Driver, the administrator of the Appeals Board. While an appeal to the Board is an administrative procedure that meets the standards of Va. Code § 11-71, Section 9.1(b) of the Commonwealth of Virginia Vendors Manual, promulgated pursuant to statute and applicable to this case, provides that the Board only has jurisdiction to hear appeals regarding the procurement of *goods*, and not the procurement of *services*. In fact, it is that "goods v. services" dispute that NBSI now relies on to argue that its appeal to the Appeals Board was timely.

Virginia Code § 11-37 sets out the definitions of goods and services. Because of the ruling that the court makes on the issue of timeliness, those specific definitions need not be set out or discussed here. What NBSI argues is that after issuing its denial of NBSI's protest, DMV informed NBSI that DMV took the position that the subject procurement was one for services so that the Appeals Board did not have jurisdiction to consider an appeal if NBSI filed one. Consequently, NBSI's legal counsel had a telephone conversation with Eugene Anderson, an employee of the Department of General Services, Division of Purchases and Supply, and described by NBSI's counsel at oral argument as Mr. Driver's assistant. As a result of that conversation, NBSI's counsel concluded that the Board agreed with DMV's position and would reject any attempt by NBSI to file an appeal with it. While that may have been

counsel's motive and rationale for writing the March 23 letter, it does not excuse the late filing of an appeal.

At oral argument, counsel for NBSI was asked if he wanted to present evidence on precisely what was said in his conversation with Mr. Anderson that led him to conclude that the Board would reject an appeal, Mr. Anderson's authority to speak for the Board, or anything else. Counsel declined. Instead, counsel offered affidavits and letters in an attempt to show that it was reasonable for NBSI to conclude that the Board would reject its appeal and that by writing the letter of March 23 the time limit for filing an appeal was tolled. The court rejects NBSI's argument for several reasons.

First, evidence is not presented by way of affidavits and hearsay letters. Evidence is presented through testimony and proper exhibits. Affidavits cannot be cross-examined, and hearsay evidence is inadmissible. Second, even if such items are considered, the law is clear that the Virginia Public Procurement Act must be strictly construed and its time limits observed. *See, e.g., Sabre Construction v. County of Fairfax*, 256 Va. 68 (1998); *Holly's Inc. v. County of Greensville*, 250 Va. 12, 458 S.E.2d 454 (1995). Nothing in the affidavits or letters changes that rule of law. Third, NBSI's counsel offers no reasonable explanation of what he sought to accomplish by writing the March 23 letter. If Mr. Anderson did have authority to speak for the Board and if he did tell NBSI's counsel that the Appeals Board would not accept the appeal, NBSI had at least three options. It could have instituted legal action under Va. Code § 11-70. It could have submitted a notice of appeal and sought judicial review of its rejection under Va. Code § 11-71(A). Or it could have submitted a notice of appeal to the Appeals Board and sought a writ of mandamus requiring the Board to exercise its jurisdiction over it. Writing the March 23 letter did nothing.

Finally, the court is not impressed with NBSI's argument that even if the ten-day time limit for filing an appeal was not tolled by the submission of the March 23 letter, that letter itself constitutes a notice of appeal. That simply is not true, and it is not true because the letter itself says it is not true.

In the letter, NBSI's counsel writes:

> This letter confirms a telephone conversation with Mr. Eugene Anderson on March 20, 1998, in which he informed me (1) that should NBS Imaging Systems, Inc. (NBSI), file an appeal with the [Appeals Board] ... (2) that you, on behalf of the [Appeals Board], would return the appeal on the basis that the [Board] has no jurisdiction to review appeals in the case of procurement for services .... .

[I]n that regard, I enclose for your review the first two pages of the Notice of Appeal *that would have been filed* but for your refusal to accept the Notice of Appeal. I direct your attention to the statement of jurisdiction that was prepared for the Notice of Appeal.

Emphasis added.

The above language makes it clear that it was not the intent of NBSI to file a notice of appeal on March 23, but merely to inform Mr. Driver, for whatever reason NBSI wanted to inform Mr. Driver, of some of what its notice of appeal would have said if it was actually being filed. The court holds that NBSI did not file a notice of appeal on March 23, that the March 23 letter did not toll the ten-day time limit for such filing, and that the notice of appeal filed April 1, 1998, was not timely filed. Accordingly, this court has no jurisdiction of the action, and it will be dismissed.