## CIRCUIT COURT OF THE CITY OF WINCHESTER

Rebecca Fowler,
Administrator
of the Estate of
Robert Fowler,
deceased

v.

Winchester Medical
Center, Inc., et al.

July 2, 2002

Case No. (Law) 01-256

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on July 2, 2002, on the Plaintiff's motion for a nonsuit and on the Defendants' Motions to Dismiss for lack of standing and pleas of the statute of limitations. The following counsel appeared: Brian Kim, Esquire, for the Plaintiff; C. Frank Hilton, Esquire, for Defendants Winchester Medical Center and Winchester Regional Health System; and Kenneth J. Barton, Jr., Esquire, for Defendants Sheppard and Winchester Neurological Associates; and N. Reid Broughton, Esquire, for Defendants Schroeder, Weber, and Winchester Medical Consultants.

This Court had earlier read the memoranda of authorities submitted by the parties. Having now heard their oral arguments, the Court has decided to deny the Plaintiff's motion for a nonsuit and to grant the Defendants' motions to dismiss.

## I. *Statement of Material Facts*

The following material facts are not in dispute.

This wrongful death action was filed by the decedent Robert Fowler's widow, who purports to be the Administratrix of Robert Fowler's estate.

The decedent died intestate on December 24, 1999, and Plaintiff was appointed as the decedent's administrator by the Berkeley County Commission of West Virginia on March 9, 2000. On August 21, 2000, Plaintiff filed a short form settlement. The Berkeley County Commission accepted the settlement, and the decedent's estate was closed on October 2, 2000, by a Final Settlement Order. The Final Settlement Order indicated that once the report was approved by the Berkeley County Commission, the fiduciary (Plaintiff) would be released, discharged, and acquitted of further execution of the trust and administration of the decedent's estate and the estate would be declared closed. The Berkeley County Commission informed the Plaintiff by notice dated October 2, 2000, that "the order conferring authority is terminated, the bond released, and the estate closed."

More than a year later, on December 21, 2001, Plaintiff filed her action in this court. When this action was filed, the Plaintiff had not qualified as the personal representative of the decedent in this court, was not then qualified by any other court, and was not qualified when the two year statute of limitations expired.

There is a cross-claim for contribution pending in this case, and the cross-claimant objects to the nonsuit.

## II. *Conclusions of Law*

Virginia Code § 8.01-380(C) provides that "A party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a . . . cross-claim . . . which arises out of the same transaction . . . as the claim of the party desiring to nonsuit unless the . . . cross-claim . . . can remain pending for independent adjudication by the court." Since the cross-claim for contribution derives from the plaintiff's action, the cross-claim cannot remain pending for independent adjudication by the court, so this action may not be nonsuited without the consent of the cross-claimant. *Gilbreath v. Brewster*, 250 Va. 436, 443, 463 S.E.2d 386 (1995) (third party action for contribution barred nonsuit).

The Virginia Code vests the right of action for wrongful death in the "personal representative," and only the personal representative may file a

wrongful death suit. Va. Code § 8.01-50(B); and *Bolling v. D'Amato*, 259 Va. 199, 304 (2000). In order to maintain a wrongful death action, both resident and nonresident individuals must comply with Virginia's requirements for qualifying as a personal representative. *Wackwitz v. Roy*, 244 Va. 60, 63 (1992). "In Virginia, an action by a dead person without the appointment of a personal representative is a nullity." *Janakiev v. Robertson*, 34 Va. Cir. 523 (City of Winchester 1991) (per Wetsel, J.). Conversely, "an action against an 'estate' is a nullity and cannot toll the statute of limitations." *Swann v. Marks*, 252 Va. 181, 184 (1996). *See also Cook v. Radford Community Hospital*, 260 Va. 443 (2000) (where a guardian had been appointed for an incompetent person, the incompetent person had no standing to sue in his or her own name). This case is not like *McDaniel v. Carolina Pulp Co.*, 198 Va. 612, 95 S.E.2d 201 (1956), where it was held that the statute of limitations was tolled by a wrongful death action filed by a nonresident administrator who, although he had standing, lacked the legal capacity to maintain the action in Virginia. The decedent's statutory beneficiary in this case has neither the capacity nor the standing to maintain a wrongful death act in her individual capacity.

Va. Code § 8.01-244 is a "special," as opposed to a "pure" limitation. *Barksdale v. H. O. Engen, Inc.*, 218 Va. 496, 498 (1977). "When a special limitation is part of the statute creating the substantive right, the limitation is not merely a procedural requirement. The special limitation is a condition precedent to maintaining the claim and failure to comply with it bars the claim." *Sabre Const. Co. v. County of Fairfax*, 256 Va. 68, 72 (1998) (citing *Barksdale*, 218 Va. at 498-99). An action for wrongful death must be filed within two years of the decedent's death. Virginia Code § 8.01-244. An action filed by a person without standing does not toll the running of a statute of limitation. *Harbour Gate Owners' Assoc. v. Berg*, 232 Va. 98, 107 (1986). Since the filing of this suit by the Plaintiff did not toll the statute of limitations and since the two year statute of limitations has expired, this case must be dismissed with prejudice.

### III. Decision

For the foregoing reasons, it is adjudged and ordered that:

1. Plaintiff's Motion for a Nonsuit is denied;

2. Defendants' Motions to Dismiss and Pleas in Bar are granted, and this case is dismissed with prejudice as to all Defendants.