## CIRCUIT COURT OF THE CITY OF RICHMOND

Specialty Mechanical, L.L.C.

    v.

Virginia Commonwealth
University

January 31, 2003

Case No. HSB1783

BY JUDGE T. J. MARKOW

This case is before the court on Virginia Commonwealth University's motions for a Special Plea of Sovereign Immunity, Plea in Bar, Demurrer, and Motion to Dismiss.

After reviewing multiple bids, VCU awarded Specialty Mechanical with a contract to repair the West Main Street Parking Deck. The parties' initially set the completion date at August 1, 2002, which was extended to September 5, 2002. Specialty Mechanical sought additional extensions of the completion date because of alleged problems with the weather and its subcontractor. On September 6, 2002, VCU terminated the West Main Street Parking Deck repair contract with Specialty Mechanical. VCU also debarred Specialty Mechanical from bidding on further contracts with VCU. In Specialty Mechanical's Motion for Judgment, it asks this Court to reinstate it on the VCU bidder's list, to declare that VCU has breached its contract with Specialty Mechanical and to enjoin VCU from holding back any payments due to Specialty Mechanical for non-completion of the project.

*Plea of Sovereign Immunity*

VCU is an instrumentality of the Commonwealth of Virginia under Va. Code § 23-50.4. Therefore, VCU is immune from liability under the doctrine of sovereign immunity unless the Commonwealth has specifically waived its sovereign immunity by statute. *Tunnel Dist. v. Beecher*, 202 Va. 452, 457 (1961).

*VCU's Special Plea in Bar*

VCU alleges that it extended its contract with Specialty Mechanical five times and refused to extend it the sixth time before terminating the contract and debarring Specialty Mechanical from the bidder's list for twelve months. VCU claims that the contract awarded to Specialty Mechanical falls under the Virginia Public Procurement Act § 2.2-4300 *et seq.* Therefore, Specialty Mechanical's pleadings and claims must follow the procedures outlined in Va. Code § 2.2-4357.

VCU notified Specialty Mechanical of the debarment on September 20, 2002. Specialty Mechanical filed its legal action on October 18, 2002. VCU asserts that Specialty Mechanical's claim is time-barred because it was filed after the ten day period allowed by § 2.2-4357. On the other hand, Specialty Mechanical asserts that the ten day limitation provided in Va. Code § 2.2-4357 applies only to administrative appeals and Va. Code § 2.2-4364 applies to legal actions in court. Since Va. Code § 2.2-4364 does not provide a time frame within which the legal action must be filed, Specialty Mechanical alleges that its appeal is timely.

The Virginia Public Procurement Act, Va. Code § 2.2-4300 *et seq.* applies to this contract. *See* Va. Code § 2.2-4301. Section 2.2-4302 permits VCU to formulate regulations to govern its contracts. Va. Code § 2.2-4357 permits a contractor to sue the Commonwealth or its agencies under narrow circumstances and also outlines the remedy available to the prevailing plaintiffs. Since the Act is a narrow waiver of sovereign immunity by the Commonwealth, the Act applies over the general provisions of Va. Code § 8.01-184 for contracts that fall under this Act. *Welding, Inc. v. Bland County Services Auth.*, 261 Va. 218, 225 (2001); *Sabre Constr. Corp. v. County of Fairfax*, 256 Va. 68, 73 (1998) (*citing Halberstam v. Commonwealth*, 251 Va. 248, 250-51 (1996)).

Va. Code § 2.2-4321 gives VCU the authority to debar a contractor based on prior unsatisfactory performance. The procedure to disqualify a contractor is outlined in Va. Code § 2.2-4357. It requires VCU to inform the

contractor regarding reasons for disqualification in writing. The contractor can rebut VCU's determination within ten days of receipt of the decision. On August 23, 2002, VCU sent letters to Specialty Mechanical to disqualify it from the bidding process for a period of twelve months. Specialty Mechanical submitted two rebuttal letters in a timely manner. On September 20, 2002, VCU sent a final disqualification letter to Specialty Mechanical. This letter also informed Specialty Mechanical that VCU did not have an administrative appeals process in place, and Specialty Mechanical's recourse to a court, if any, would need to be under Va. Code § 2.2-4364(E). Specialty Mechanical filed this Declaratory Judgment action on October 18, 2002, more than ten days after receipt of the disqualification letter from VCU.

Va. Code § 2.2-4357 permits the contractor to appeal the agency decision in one of two ways: by following the administrative appeals process, if the agency has one in place, or by filing a legal action in the appropriate circuit court. The issue is whether the ten day limitation to appeal applies to both the administrative appeals process and the filing of legal action, or whether the ten day limitation applies only to the administrative appeals process, with no time limit to initiate the alternative legal action. The pertinent language in Va. Code § 2.2-4357 reads:

> The notice . . . shall be final unless the bidder appeals the decision within ten days after receipt of the notice by invoking administrative procedures meeting the standards of § 2.2-4365, *if available, or in the alternative* by instituting legal action as provided in § 2.2-4364.

Emphasis added.

If this ten day time limit is deemed to be applied only to appeals invoking the administrative procedures, then there is no time limit under the Act to file legal action against the Commonwealth. The language of § 2.2-4357 clearly contemplates the possibility of the administrative procedures not being available for appeal. This is reflected in the language of the statute "if available" and the use of the word "or" to permit another method of appeal, filing legal action. Both of these appeal methods are prefaced by the ten day period. Specialty Mechanical had ten days to file an administrative appeal or ten days to file legal action. Further, in *Sabre* at 72, the court ruled that the ten day limitation language is not merely procedural, but substantive to the filing of the cause of action. Since the Act is a waiver of the sovereign immunity by the Commonwealth, it must be construed narrowly. *Id.* at 73. *Welding* at 225, also requires that the notice requirement must be timely filed. For the

foregoing reasons, the Court holds that the ten day limitation period of Va. Code § 2.2-4357 applies to an appeal of an agency decision, whether invoked by the administrative process or by legal action. The Court sustains VCU's Special Plea in Bar that Specialty Mechanical's appeal for disqualification is time barred.

*Demurrer and Motion to Dismiss*

VCU claims that the Motion for Declaratory Judgment fails to assert compliance with pertinent sections of the Code that are essential to sustaining the disqualification appeals as outlined in Va. Code §§ 2.2-4357, 2.2-4364. The Court has already ruled on the issue of disqualification above and will not re-address it here.

The contractual disputes are premature in that there are no allegations of an actual dispute over payment/offsets. For that reason, the contractual claim is dismissed without prejudice.