# CIRCUIT COURT OF THE CITY OF RICHMOND

John T. Moore
and Associates, P.C.

v.

Virginia
Commonwealth
University

October 24, 2005

Case No. CH05-177

BY JUDGE T. J. MARKOW

This matter is before the court on a Special Plea of Sovereign Immunity, Plea in Bar, Demurrer, and Motion to Dismiss.

In September of 2004, Virginia Commonwealth University (VCU) requested proposals to procure three term contracts. Plaintiff was selected for an interview, but was subsequently informed on January 7, 2005, that it was not selected for a term contract. On January 11, 2005, Plaintiff filed a written Protest with VCU in response to this information, and on January 24, 2005, VCU responded with a Protest Denial.

Plaintiff then filed a Bill of Complaint in this court on February 3, 2005, purportedly appealing the Protest Denial pursuant to the Virginia Public Procurement Act. Va. Code §§ 2.2-4360, 2.2-4364. While a courtesy copy of the Bill of Complaint was delivered to VCU, it was not officially served.

Viewing the unserved Bill of Complaint as a separate protest, VCU responded by issuing a Final Decision on March 7, 2005. At this point in time, Plaintiff took no further action regarding its Bill of Complaint or an appeal of the March 7, 2005, Final Decision response to the Bill of Complaint.

On March 29, 2005, VCU issued a Notice of Intent to Award Term Contracts to other contractors. In response to this notice, on April 6, 2005, Plaintiff delivered a Formal Protest of VCU's Intent to Award. To this date, VCU has not issued a decision in response to the Formal Protest of VCU's Intent to Award believing that its decision of March 7, 2005, answered Plaintiff's complaint.

On July 22, 2005, without leave of court, Plaintiff filed an Amended Bill of Complaint, and on July 25, 2005, VCU was officially served.

In its Bill of Complaint, Plaintiff alleges that the Protest Denial issued on January 24, 2005, was arbitrary and capricious and not issued in accordance with applicable state law. In addition, the Amended Bill of Complaint contends that VCU's decision was appropriately appealed and further alleges that VCU has failed to respond to its April 6, 2005, Formal Protest of VCU's Intent to Award, which is in violation of Virginia Code § 2.2-4360(A).

### Amended Bill of Complaint

The Amended Bill of Complaint has no affect on the court's decision. Therefore, the court will not address Plaintiff's failure to obtain leave to amend.

### Special Plea of Sovereign Immunity

VCU is an instrumentality of the Commonwealth of Virginia. Va. Code § 23-50.4. Accordingly, VCU is immune from liability under the doctrine of sovereign immunity unless specifically waived by statute. *Tunnel Dist. v. Beecher*, 202 Va. 452, 457, 117 S.E.2d 685 (1961). The Virginia Public Procurement Act, Va. Code § 2.2-4300 *et seq.*, is such a waiver.

The relevant portions of the Virginia Public Procurement Act are as follows:

> Va. Code § 2.2-4360. A. Any bidder or offeror, who desires to protest the award or decision to award a contract shall submit the protest in writing to the public body . . . *no later than ten days after the award or the announcement of the decision to award,* whichever occurs first. . . . The written protest shall include the basis for the protest and the relief sought. The public body or designated official shall issue a decision in writing within ten days stating the reasons for the action taken. This decision shall be final unless the bidder or offeror appeals within ten days of

receipt of the written decision . . . by instituting legal action as provided in § 2.2-4364. . . .

B. . . . If, after an award, it is determined that an award of a contract was arbitrary or capricious, then the sole relief shall be as hereinafter provided:

(Emphasis added.)

Va. Code § 2.2-4364. A. A bidder or offeror, actual or prospective . . . who is determined not to be a responsible bidder or offeror for a particular contract, may bring an action in the appropriate circuit court challenging that decision, which shall be reversed only if the petitioner establishes that the decision was not (i) an honest exercise of discretion, but rather was arbitrary and capricious. . . .

Plaintiff's appeal of the non-award of the VCU contract is governed by the Virginia Public Procurement Act. To avail itself of the statutory waiver of sovereign immunity, Plaintiff must strictly comply with the provisions of the statute. In order to comply with the statute, the complaining party must submit a "protest in writing to the public body . . . *no later than ten days after the award or the announcement of the decision to award*, whichever occurs first." Va. Code § 2.2-4360. (Emphasis added.)

Analyzing the facts as they relate to the statute, the court finds the following. VCU's "announcement of [its] decision to award," was made on March 29, 2005, when it issued a Notice of Intent to Award Term Contracts. The March 29, 2005, decision is the only decision contemplated by the statute and thereby subject to protest and appeal.

### 1. January 11, 2005, Protest

The Protest submitted by Plaintiff on January 11, 2005, in response to information that it would not be awarded a contract, was not a protest capable of being appealed under the statute. The Virginia Public Procurement Act does not permit an appeal prior to the public body's announcement of its decision. *See Sabre Const. Corp. v. Fairfax*, 256 Va. 68, 71, 501 S.E.2d 144, 147 (1998). Because VCU did not announce its decision to award until March 29, 2005, the January 11, 2005, protest and subsequent February 3, 2005, appeal of denial were premature.

## 2. Bill of Complaint Protest

Plaintiff argues that the Bill of Complaint filed February 3, 2005, was not an independent protest as interpreted by VCU but rather an appeal of VCU's January 24, 2005, Protest Denial. As discussed above, the February 3, 2005, Bill of Complaint was premature and therefore an improper appeal of VCU's decision. Although VCU viewed the courtesy copy of the Bill of Complaint as a protest and issued a denial, the denial was never appealed and therefore is not at issue.

## 3. April 6, 2005, Formal Protest

VCU issued its "decision to award" on March 29, 2005. In response, Plaintiff filed a Formal Protest of VCU's Intent to Award within the statutory time limit. VCU, however, has failed to respond to the protest as required by statute. The court acknowledges that VCU has responded to two other protests addressing the same issue and agrees that any further response was unnecessary.

Regardless, the issues surrounding the April 6, 2005, Formal Protest of VCU's Intent to Award are not properly before the court. The Bill of Complaint filed on February 3, 2005, has no relation to VCU's Notice of Intent to Award Term Contracts or Plaintiff's protest thereof because the Bill of Complaint was filed months in advance of its issuance. Additionally, Plaintiff's Amended Bill of Complaint, if effective, has no relation to VCU's Notice of Intent to Award Term Contracts because it relates back to the original date of filing. As discussed above, the Virginia Public Procurement Act does not permit an appeal prior to the public body's announcement of its decision. *See Sabre Const. Corp. v. Fairfax*, 256 Va. 68, 71, 501 S.E.2d 144, 147 (1998). Accordingly, neither Plaintiff's Bill of Complaint nor its Amended Bill of Complaint are a proper appeal of VCU's Intent to Award.

The court holds that Plaintiff has failed to comply with the Virginia Public Procurement Act, and therefore, this suit is barred by the doctrine of sovereign immunity. There is no need for the court to address the Demurrer. Plaintiff's Special Plea of Sovereign Immunity is granted and this case is dismissed. Copies of this Opinion and Order are mailed this day to counsel of record.