# CIRCUIT COURT OF FAIRFAX COUNTY

Geoff Livingston et al.

v.

Fairfax County et al.

April 28, 2009

Case No. CL-2008-8875

By Judge Robert J. Smith

In this action, the Court determines whether the claims of "six or more parties" may be severed by the Court *sua sponte* for failure to comply with the initial filing provisions of Va. Code Ann. § 8.01-267.5, requiring that the "claims involve common issues of fact and arise out of the same transaction or occurrence." Va. Code Ann. § 8.01-267.5.

Plaintiffs, 136 individuals, jointly filed the present inverse condemnation proceeding against the County of Fairfax and the Virginia Department of Transportation. The Court raised the preliminary question of whether it is proper for Plaintiffs to collectively prosecute this lawsuit as a single action. This question was raised at a hearing on February 13, 2009, where the Court expressed its concern that this issue might be jurisdictional under the Multiple Claimant Litigation Act, Va. Code Ann. § 8.01-267.1 *et seq.* ("MCLA").

The Court scheduled a hearing on the MCLA for March 17, 2009, requesting that the parties submit briefs on the propriety of these particular 136 Plaintiffs jointly filing under Va. Code § 8.01-267.5. After carefully considering the submissions of counsel and their oral arguments, I conclude that the Court cannot *sua sponte* sever the Plaintiffs.

*Jurisdiction*

Each brief focuses on the interaction of Va. Code Ann. § 8.01-267.5 with the standards enunciated in Va. Code Ann. § 8.01-267.1. This focus results from the second sentence of Va. Code Ann. § 8.01-267.5, mandating that, upon motion of the defendant, the Court must sever the claims of the plaintiffs unless the claims "were ones which, if they had been filed separately, would have met the standards of § 8.01-267.1." Va. Code Ann. § 8.01-267.5.

However, prior to engaging in such an analysis, this Court must take pause at a statement made by the Virginia Department of Transportation in a footnote of its memorandum:

> Nothing in the MCLA expressly suggests that [the provisions of the MCLA] are jurisdictional. Indeed, although the Court may act *sua sponte* to address jurisdictional issues, Va. Code § 8.01-267.5 does not expressly authorize the Court to order severance absent a motion by a defendant.

(*VDOT's Multiple Claimant Litigation Act Memorandum*, 6-7, n. 4.)

Fully recognizing a litigant's reluctance to challenge a court's authority, *ergo* the Virginia Department of Transportation's artful use of footnotes, this seemingly tangential line of reasoning presents this Court's main concern.

As poignantly stated by Judge Tucker in 1836, "It must always be *ex officio* the duty of a court to disclaim a jurisdiction which it is not entitled to exercise. To do otherwise would be to usurp a power not conferred by law." *Jones & Ford v. Anderson*, 34 Va. (7 Leigh) 308, 314 (1836). In principle, this Court agrees with the Virginia Department of Transportation's assertion that the Court may act *sua sponte* to address jurisdictional issues; however, I do not agree with the inference that an analysis of jurisdiction is inapplicable to the case at bar.

*The Types of Jurisdiction*

The term jurisdiction is a complex amalgamation, encompassing a variety of separate and distinct legal concepts. As the Supreme Court of Virginia noted in *Morrison v. Bestler*, 239 Va. 166, 387 S.E.2d 753 (1990), "A court may lack the requisite 'jurisdiction' to proceed to an adjudication on the merits [of a case] for a variety of reasons." *Id.* at 169, 387 S.E.2d at 755. The Supreme Court of Virginia has distinguished subject matter jurisdiction

from such jurisdictional elements as territorial jurisdiction, *Porter v. Commonwealth*, 276 Va. 203, 229-30, 661 S.E.2d 415, 427-28 (2008) (holding an action of a court without subject matter jurisdiction to be void and the action of a court without territorial jurisdiction or jurisdiction over persons, things, or occurrences located in a defined geographic area to be voidable), notice jurisdiction, *Nelson v. Warden of the Keen Mt. Corr. Ctr.*, 262 Va. 276, 285, 552 S.E.2d 73, 77 (2001) (holding the statutory requirement of giving notice to a juvenile's parents of proceedings in a criminal matter in juvenile court to be procedural in nature rendering subsequent convictions voidable and not void), and the factual prerequisites necessary to meet statutory requirements. *See also Farant Inv. Corp. v. Francis*, 138 Va. 417, 122 S.E. 141 (1924) (describing four categories of jurisdiction).

Subject matter jurisdiction alone rests on a separate jurisprudential principle, for subject matter jurisdiction is the only class of jurisdiction that "cannot be waived or conferred on the court by agreement of the parties." *Morrison*, 239 Va. at 169-70, 387 S.E.2d at 755 (citing *Lucas v. Biller*, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963)). As such, the issue of subject matter jurisdiction can be raised at any time in the proceedings by the court *ex mero motu* because an action of the court without such jurisdiction is a nullity. *Thacker v. Hubard & Appleby*, 122 Va. 379, 386, 94 S.E. 929, 930 (1918).

Subject matter jurisdiction consists of the authority the legislature has given a particular court to hear the type of controversy involved in the action. *See Restatement (Second) of Judgments*, § 11 (1980). As such, "[s]ubject matter jurisdiction can only be acquired by virtue of the Constitution or of some statute." *Afzall v. Commonwealth*, 273 Va. 226, 230, 639 S.E.2d 279, 282 (2007) (quoting *Board of Supervisors v. Board of Zoning Appeals*, 271 Va. 336, 344, 626 S.E.2d 374, 379 (2006) (quoting *Humphreys v. Commonwealth*, 186 Va. 765, 772-73, 43 S.E.2d 890, 894 (1947))). Yet, constitutions and statutes are also the source from which other forms of jurisdiction are often derived. These other categories are merely "the unique statutory framework whereby a [court] acquire[s] the authority to *exercise* [its] subject matter jurisdiction. *Nelson*, 262 Va. at 281, 552 S.E.2d at 75, (quoting *David Moore v. Commonwealth*, 259 Va. 431, 438, 527 S.E.2d 406, 409 (2000) (overturned by *Nelson* on other grounds)).

For a court to rule *sua sponte* upon jurisdiction, it is necessary to separate the wheat of subject matter from the chaff of the statutory framework. The present issue is brought before this Court *sua sponte*. Thus, before a review of the parties' analysis may be undertaken, it is first necessary to determine whether § 8.01-267.5 confers subject matter jurisdiction upon the

Court. In other words, it is necessary to determine whether the footnote contained within the Virginia Department of Transportation's memorandum highlights this Court's inability to consider severing the claims of the Plaintiffs on its own behalf.

### The Jurisdiction of § 8.01-276.5 and the MCLA

It appears that the Supreme Court of Virginia has yet to have an opportunity to review the jurisdictional nature of the filing requirements contained in Va. Code Ann. § 8.01-267.5. This Court's concern rests with the first sentence of Va. Code Ann. § 8.01-267.5, which states, "Six or more parties may be joined initially as plaintiffs in a single action if their claims involve common issues of fact and arise out of the same transaction or occurrence." Va. Code Ann. § 8.01-267.5.

On its face, this sentence establishes a condition precedent whereby a specifically enumerated group is granted permission to file jointly. A condition precedent can give rise to subject matter jurisdiction, but only where that requirement is part of the statute creating the substantive right. *Sabre Constr. Corp. v. County of Fairfax*, 256 Va. 68, 501 S.E.2d 144 (1998). Conversely, a condition precedent that is not enumerated in a statute creating a new substantive right is a procedural requirement. *See Morrison*, 239 Va. at 173, 387 S.E.2d at 758. A party's failure to follow a mere procedural requirement does not divest a court of subject matter jurisdiction. *Id.*

In *Sabre*, Plaintiff, a government contract bidder, sought review of the Circuit Court's decision to dismiss his case against Fairfax County under the Public Procurement Act. *Id.* The County filed a motion to dismiss, arguing that Va. Code Ann. §§ 11-66 only allowed the bidder to appeal within ten days of the County's written decision and that dismissal was appropriate because the bidder filed its legal action before a written decision had been issued. *Id.* 256 Va. at 70, 501 S.E.2d at 146. The bidder argued that, if it failed to comply with the filing requirements of § 11-66, its failure was only procedural. *Id.* 256 Va. at 72, 501 S.E.2d at 147.

The Supreme Court of Virginia held that the substantive right to file an action against the County included the ten day special limitation because "[w]hen a special limitation is part of the statute creating the substantive right, the limitation is not merely a procedural requirement, but a part of the newly created substantive cause of action." *Id. (citing Barksdale v. H. O. Engen, Inc.*, 218 Va. 496, 498-99, 237 S.E.2d 794, 796 (1977)). Failure to comply with this substantive condition precedent barred the Court from hearing the claim. *Id.*

The Supreme Court of Virginia does not go so far as to state in *Sabre* that this limitation redefined the subject matter jurisdiction of the Court as granted in the Public Procurement Act. However, if the special limitation is part of the substantive right, then the limitation is an inherent part of defining the authority that the legislature has given a court to hear a particular type of case. Such an analysis appears to be in line with the Court's long-standing precedent that a special limitation prescribed by a statute creating a new right is part of the right as well as the remedy, an integral part of the statute, and a condition precedent to maintenance of the claim. *Barksdale*, 218 Va. at 498, 237 S.E.2d at 796 (citing *American Mutual, etc. v. Hamilton*, 145 Va. 391, 403, 135 S.E. 21, 24 (1926); *Leesburg v. Loudoun Nat. Bank*, 141 Va. 244, 247, 126 S.E. 196, 197 (1925); *Commonwealth v. Deford*, 137 Va. 542, 551, 120 S.E. 281, 284 (1923)).

*Morrison* represents an instance where the Supreme Court of Virginia categorizes a condition precedent as part of the statutory framework that enables a court to exercise its subject matter jurisdiction. *Morrison*, 239 Va. 166, 387 S.E.2d 753. In *Morrison*, a patient filed a motion for judgment seeking damages against a doctor for medical malpractice. *Id.* at 168, 387 S.E.2d at 754. The following day, the patient served the doctor with notice of the malpractice claim as required by Va. Code § 8.01-581.2. *Id.* Several months later, after the applicable statute of limitations had expired, the patient nonsuited the case and recommenced it on the same day because the doctor claimed that the patient had violated Va. Code Ann. § 8.01-581.2 by filing a motion for judgment within the ninety day period following a notice of malpractice claim. *Id.*, 387 S.E.2d at 755. The doctor then filed a plea of the statute of limitations asserting that the patient's failure to comply with the filing provisions of Va. Code Ann. § 8.01-581.2 divested the trial court of subject matter jurisdiction. *Id.* The doctor maintained that the trial court could not apply the filing extensions for recommencing a claim after voluntary nonsuit on the basis of a void action. *Id.*

In rendering its decision, the Virginia Supreme Court noted that Title 17 of the Virginia Code granted subject matter jurisdiction over tort claims to circuit courts and that the legislature subsequently adopted a series of procedural measures for the prosecution of medical malpractice tort claims. *Id.* at 172, 387 S.E.2d at 757. The Court looked to Senate documents and commission studies to determine that the General Assembly did not "[intend] to endow the trial courts with jurisdiction over a new cause of action comprised of a medical malpractice tort claim and its attendant procedures." *Id.* at 173, 387 S.E.2d at 757. The Court held that all of the procedural requirements contained in Va. Code Ann. § 8.01-581.1 *et seq.*,

including the 90-day waiting period, were mandatory procedural requirements that did not give rise to subject matter jurisdiction. *Id.*, 387 S.E.2d at 757-58.

In the case at bar, the condition precedent contained in Va. Code Ann. § 8.01-267.5 is more similar to the procedural requirements in *Morrison* than to the special limitation in *Sabre*. Unlike the ten day waiting requirement in *Sabre*, which the legislature enacted along with the substantive rights contained in the Public Procurement Act, the procedural requirements of the MCLA were not enacted attendant to a particular substantive right. In this regard, the mandatory requirements of *Morrison*, which were deemed to be merely procedural, have a greater claim to subject matter jurisdiction than those of the MCLA, for at the very least, the medical malpractice requirements all apply to the same general type of action.

The legislature enacted both the medical malpractice procedures of *Morrison* and the MCLA procedures of the instant action to deal with the coordination of claims concerning existing substantive rights. As VDOT notes, "every individual plaintiff must bear the burden of proving his or her own claim or suffer defeat. The MCLA simply provides tools for handling 'mass claim cases' in state court. . . ." (VDOT's Mem. at 5 (citing Sinclair and Middleditch, *Virginia Civil Procedure* at §§ 8.6[E] and 11.9[C] (5th ed. 2008))).

The test in *Morrison* appears to extend the scope of *Sabre* beyond discerning whether a condition precedent simply is part of the statute that created the substantive right to a test determining whether the legislature intended a specific condition precedent to create a new substantive right. Arguably, the test of subject matter jurisdiction contained in *Sabre* is one means by which the test in *Morrison* may be satisfied. However, this expansion is not enough to bestow subject matter jurisdiction on the provisions of the MCLA. Despite the clear legislative intent of the MCLA to address mass claim cases, a court could not even *sua sponte* dismiss the joint claims of five plaintiffs filed in derivation of the six plaintiff requirement contained in Va. Code Ann. § 8.01-267.5. If the Medical Malpractice Act of *Morrison* did not create a new cause of action, despite using procedural restrictions to carve out a particularized type of tort law, then the MCLA, which is not connected to any particular type of suit, certainly does not.

While ultimately this Court questions the prudence of allowing complex litigation involving six or more parties, or in the instant case, 136 parties, to proceed under Va. Code § 8.01-267.5 without a preliminary review of whether the action meets the standards governing consolidation as described in Va. Code Ann. § 8.01-267.1, it is not for this Court to rewrite the Virginia Code.

The weight this Court must afford the binding precedent of *Morrison* and its progeny can only lead to one conclusion: the provisions of the MCLA are mandatory procedural requirements, and failure to comply with the terms contained therein does not divest the Court of subject matter jurisdiction. As such, this Court may not consider severing parties that file jointly pursuant to § 8.01-267.1 on its own initiative.

## Conclusion

The parties in the instant action are extremely careful to characterize the *sua sponte* nature of the Court's review in their memorandums. (Pls.' Mem. at 3 (stating "[they] believe it is premature to consider such matters")); (Fairfax, Va.'s Mem. at 2 (stating "the Court *ordered* the parties to address the issue. . . ." (emphasis added))); (VDOT's Mem. at 1 (stating "[it] respectfully submits this memorandum at the Court's request. . . .). No formal motion is contained in any of the briefs.

The closest statement to a request for Court action is VDOT's comment that "VDOT believes, at a minimum, any viable claims should be bifurcated into separate liability and damages phases, with the parties focusing on damages issues only if liability is established and after the condemning authority has made a *bona fide* but ineffectual offer." (VDOT's Mem. at 10.) While the MCLA confers authority on the courts to bifurcate trials, it may only do so upon the motion of a party. Va. Code Ann. § 8.01-267.6. Given the context of the present review, VDOT's statement and the Plaintiff's apparent concurrence therein (Pls.' Mem. at 2-3) cannot be construed as a motion presently before this Court.

In light of the foregoing, this Court does not have authority to sever jointly filed actions, pursuant to Va. Code Ann. § 8.01-267.5 *ex mero motu*. There being no motion of a party before the Court, the Court's review is premature. Judgment on the propriety of severing the claims of these 136 individuals is reserved for a time when the matter is brought by a proper party, pursuant to the terms of the MCLA.

## Order

This matter came before the Court *sua sponte*, regarding the propriety of Plaintiffs collectively filing this lawsuit as a single action under Va. Code Ann. § 8.01-267.5. The parties submitted briefs and the Court heard arguments on March 17, 2009. It appearing that the Multiple Claimant Litigation Act, Va. Code Ann. § 8.01-267.1 *et seq.* ("MCLA"), consists of

mandatory procedural requirements that do not bestow subject matter jurisdiction on the Court and it appearing that the Court is not entitled to raise jurisdictional issues, aside from those involving subject matter jurisdiction, on its own behalf, it is ordered that the Court's motion is dismissed for the reasons enunciated in this Court's letter opinion of April 28, 2009, and it is further ordered that judgment on the propriety of severing the claims of these 136 individuals is reserved for a time when the matter is brought by a proper party pursuant to the terms of the MCLA.