# CIRCUIT COURT OF ROCKINGHAM COUNTY

General Excavation, Inc.

v.

City of Harrisonburg

April 5, 2010

Case No. CL10-000112

BY JUDGE JAMES V. LANE

This matter came before the Court on Defendant City of Harrisonburg's demurrer. The Court heard oral argument on April 1, 2010. Having reviewed counsel's memoranda and the applicable law, the Court now sustains the demurrer.

The threshold question for the Court is whether it has jurisdiction. Plaintiff General Excavation, Inc. ("GEI") claims jurisdiction based on Va. Code § 2.2-4360 and § 2.2-4364, and the Purchasing and Contracting Manual of the City of Harrisonburg ("PCPM") § 4-3-54 and § 4-3-58. The City argues that neither the Virginia Public Procurement Act ("VPPA" or "the Act") nor the PCPM affords GEI with a current right of legal action in this Court.

Virginia Code § 2.2-4360 sets forth the protest procedure for "a bidder or offeror who desires to protest the award or decision to award a contract." Additionally, Virginia Code § 2.2-4364(C) allows a bidder to "bring an action in the appropriate circuit court challenging a proposed award or the award of a contract." The City argues that § 2.2-4364(C) applies only to a bidder on a sole-source or emergency contract. (Def.'s Mem. in Supp. of Dem. 3.) However, the Supreme Court of Virginia has interpreted § 2.2-4364(C) as setting out "the procedure for filing an action

in circuit court when the public body denies a bidder's protest." *Sabre Constr. Corp. v. County of Fairfax*, 256 Va. 68, 71 (1998). *See also San Jose Constr. Group, Inc. v. Loudoun County School Bd.*, 47 Va. Cir. 487 (Loudoun 1998); *First Health Servs. Corp. v. Commonwealth Dept. of Inform.*, 35 Va. Cir. 184 (Richmond 1994). The Court therefore rejects the City's argument that § 2.2-4364(C) applies only to bidders on sole-source or emergency contracts.

However, the City further argues that the same two statutes require an actual award or decision to award for a bidder to invoke jurisdiction. Here, there is no current allegation of an award or a decision to award. Rather, GEI alleges that the City has rejected all bids. (Compl. ¶ 46.) GEI further alleges that the City's action was "arbitrary and capricious and done solely to avoid awarding the project to GEI." (Compl. ¶ 66.) If true, such conduct would appear to violate Va. Code § 2.2-4319 (allowing the public body to reject all bids but not "solely to avoid awarding a contract to a particular ... bidder"). At demurrer, the Court accepts as true all factual allegations and determines whether they are sufficient to state a cause of action. Va. Code § 8.01-273.

"The Public Procurement Act constitutes a waiver of public bodies' sovereign immunity, is in derogation of the common law, and, therefore, must be strictly construed." *Sabre Constr.*, 256 Va. at 73 (citing *Halberstam v. Commonwealth*, 251 Va. 248, 250-51 (1996)). "When a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *Concerned Taxpayers v. County of Brunswick*, 249 Va. 320 (1995) (quoting *Vansant & Gusler v. Washington*, 245 Va. 356, 360 (1993)). In *Concerned Taxpayers*, the Court read the VPPA strictly, finding that, because taxpayers were not listed as those able to invoke the Act's remedies, they lacked standing to sue. *Id.* Notably, the Court in *Concerned Taxpayers* viewed the available remedies under the Act as "protesting *an award*, initiating administrative procedures, or bringing an action to challenge *a decision to award* a contract." *Id.* (italics added). Applying a similarly strict reading of Va. Code §§ 2.2-4360 and 2.2-4364 in the current context, it is clear that the remedy available for GEI, if any, requires an award or decision to award. Accordingly, the Court finds that it does not have jurisdiction over a claim that the City improperly rejected all bids. In Va. Code §§ 2.2-4360 and 4364, the General Assembly created relief mechanisms for those aggrieved under the Public Procurement Act, and this Court will not enlarge the scope of those remedial statutes.

For similar reasons, the Court finds that GEI does not currently have standing under the PCPM. Under PCPM § 4-3-58 ("Legal Actions"), "[a] bidder, offeror, or contractor may bring an action in the appropriate circuit court challenging a proposed award or the award of a contract." PCPM § 4-3-54 ("Protest of an Award or Decision to Award") also requires that the City first award or decide to award the contract before a bidder like GEI can invoke the court's jurisdiction.

Consequently, GEI has not stated a claim upon which relief can be granted under either the Virginia Public Procurement Act or the City's PCPM, and the Court will not consider whether the claim was pleaded with sufficient facts as to the motive of the City's decision. The demurrer is sustained.